## MEXICAN CONSTRUCTION COMPANY *v.* REUSENS.

ORIGINAL MOTION IN A SUIT PENDING IN ERROR FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Submitted April 12, 1886.—Decided April 23, 1886.

The discretion which is reposed in the judge below as to the security to be taken on appeal, extends not only to the amount of the security but to the number of sureties to be required; and when a bond has been taken below with one surety, where the law provides that two shall be required, this court will not require a new bond to be furnished for that reason only, if the original bond is not invalidated thereby.

*Jerome* v. *McCarter*, 21 Wall. 17, applied to this case.

This was a motion by defendant in error to compel plaintiff in error to furnish additional security. The motion was founded upon the following affidavit, entitled in the cause:.

"STATE OF NEW YORK, } ss.:
Southern District of New York. }

"Michael H. Cardozo, being duly sworn, doth depose and say : I am one of the attorneys and of counsel for the defendant in error, and have had continuous charge of this action for him as such attorney and counsel from its commencement.

"On or about the 6th day of February, 1884, Guillaume Reusens, the defendant in error, commenced an action at law in the Supreme Court of the State of New York, in and for the City and County of New York, against the Mexican National Construction Company, the plaintiff in error, to recover a sum of money only, to wit, the sum of $25,000 and interest, as for money had and received by the plaintiff in error to the use of the defendant in error.

"Thereafter, and on or about the said 6th day of February, 1884, the said defendant in error obtained a warrant of attachment in due form of law against the property of the said plaintiff in error, in said action in said Supreme Court, pursuant to the Code of Civil Procedure of the State of New York; said attachment was duly served by the Sheriff of the City and

County of New York, and the sum of $30,000 then on deposit in the American Exchange National Bank, in said city, to the credit of said plaintiff in error, was duly levied on by said sheriff to secure said claim, interests and costs.

"On or about the 11th day of February, 1884, the said plaintiff in error duly appeared in said action by Theodore F. H. Meyer, as its attorney.

"On or about the 20th day of February, 1884, the said plaintiff in error served an undertaking for the purpose of discharging said attachment, pursuant to sections 687 and 688 of the Code of Civil Procedure of the State of New York.

"Said undertaking was executed and delivered by the Fidelity and Casualty Company, of New York, in said undertaking mentioned, pursuant to the provisions of an Act of the Legislature of the State of New York, passed June 13th, 1881, being Chapter 486 of the Laws of 1881, entitled 'An Act to facilitate the giving of bonds required by law.'

"A copy of said undertaking is hereto annexed and marked Schedule 'A.'

"Said undertaking was allowed by one of the Justices of said Supreme Court against the protest and objection of deponent on or about the 23d day of February, 1884.

"The Fidelity and Casualty Company of New York gave said undertaking in pursuance of the following rule, adopted by the Supreme Court of the State of New York, subsequent to the passage of the aforesaid Act of 1881.

"'Rule—The Fidelity and Casualty Company of New York is hereby designated as a company duly authorized and empowered by an act of the Legislature of the State of New York, entitled "An Act to facilitate the giving of bonds required by law," passed June 13th, 1881, to guarantee all bonds and undertakings required or permitted by law, conditioned for the faithful performance of any duty, or for the doing or not doing of anything in said bond or undertaking specified; and any justice of this court is authorized in his discretion to accept and approve of the sufficiency of any bond or undertaking in any suit or action in this court, or in any proceeding, except in criminal cases, in which by law it is provided that any bond or

undertaking shall be accepted or approved by any justice of this court, whenever such bond or undertaking is conditioned for the faithful performance of any duty, or the doing or not doing of anything in such bond or undertaking specified, and the performance of the conditions thereof is guaranteed by the Fidelity and Casualty Company of New York or the same is executed by said company as surety, subject, however, to the requirement by said justice of a justification by such company, as such surety, through its president or secretary, in the same manner as is required by law of other sureties. The secretary of said company shall transmit to the justices holding the first general term in the first department, in each year, a statement under oath, showing its financial condition on the 31st day of December preceding said statement.'

" On or about the 25th day of February, 1884, the complainant was duly served in said action; and on or about the 28th day of April, 1884, issue was joined by the service of a general demurrer on behalf of said plaintiff in error.

" The issues of law raised by said demurrer were upon the day calendar of said Supreme Court on or about the 5th day of May, 1884, for trial.

" On said 5th day of May, 1884, upon the petition of said plaintiff in error, said action was removed to the Circuit Court of the United States for the Southern District of New York.

" On or about the 1st day of December, 1884, said action came on for trial before the Honorable William J. Wallace, Circuit Judge, upon said demurrer, and was duly tried; and thereafter a decision was duly rendered in favor of said defendant in error upon said demurrer, but granting leave to said plaintiff in error to answer said complaint.

" In the month of January, 1885, said plaintiff in error duly served an answer to said complaint.

" On or about the 3d day of June, 1885, said cause was duly called for trial before the Honorable Hoyt H. Wheeler, sitting as Circuit Judge, and a jury, and the issues of fact and law were duly tried; and thereupon a verdict was duly rendered by direction of the court in favor of said defendant in error and against said plaintiff in error for the sum of $27,708.05.

" On or about the 12th day of August, 1885, judgment was duly entered against the said plaintiff in error for the sum of $28,062.86; and notice thereof was on that day duly served upon the said attorney for said plaintiff in error.

" On or about the 22d day of August, 1885, a writ of error was allowed by the Honorable William J. Wallace, Circuit Judge, and a citation was thereupon issued, directed to said defendant in error, returnable the second Monday in October, 1885. This cause is now upon the docket of this court, numbered 980.

" Upon allowing the aforesaid writ of error, a bond, as security to the said defendant in error, of which a copy is hereto annexed, marked Schedule B, was approved by the Honorable William J. Wallace, Circuit Judge.

" The said writ of error was allowed, and said bond approved, without any notice whatever to the said defendant in error or his attorneys or counsel.

" MICHAEL H. CARDOZO.

" Subscribed and sworn to before me )
   this 20th day of March, 1886,   )

         " EDGAR J. NATHAN,

               " *Notary Public in and for the City and*
                            *County of New York.*"

Schedule A, referred to in this affidavit, contained the undertaking of the Mexican Construction Company of February 24, 1884, " pursuant to the statute in such case made and provided, in the sum of twenty-nine thousand dollars, that the defendant will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, not exceeding the above mentioned sum with interest." This was duly acknowledged, and was followed by this guarantee, also acknowledged (both being entitled in the suit).

" In pursuance of the provision of an Act of the Legislature of the State of New York, entitled ' An Act to facilitate the giving of bonds required by law,' passed June 13, 1881, The Fidelity and Casualty Company of New York, in consideration of one dollar to it in hand paid, the receipt whereof is hereby

acknowledged, hereby guarantees the performance of the covenants and conditions of the within undertaking.

"In witness whereof, the said Fidelity and Casualty Company of New York has caused its corporate seal to be hereto affixed, and the same to be attested by the signatures of its President and Secretary.

[SEAL]
"Wm. M. RICHARDS, President.
"Rob't J. HILLAS, Ass't Sec'y.

Schedule B was the bond of the Mexican Construction Company, with two sureties, conditioned "that if the above named Mexican National Construction Company shall prosecute said writ of error to effect and answer all damages and costs, if it fail to make its plea good, then this obligation shall be void; otherwise the same shall be and remain in full force and virtue."

*Mr. Michael H. Cardozo* for the motion, cited *Nichols* v. *Mac-Lean*, 98 N. Y. 458, decided since the undertaking of the Fidelity Company in this case was given, to show that it was void for want of a second surety.

*Mr. Theodore F. H. Meyer* and *Mr. Joseph H. Choate* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied on the authority of *Jerome* v. *M'Carter*, 21 Wall. 17. Neither the circumstances of the case, nor of the parties, nor of the sureties on the bond have changed since the security was taken. All these things are now as they were then.

We do not understand the case of *Nichols* v. *MacLean*, 98 N. Y. 458, to decide that the guarantee by the Fidelity and Casualty Company of New York, of the undertaking of the Mexican National Construction Company for a discharge of the attachment, is void because signed by one surety and not by two; but only that it need not have been accepted by the

judge as sufficient security. It was accepted, however, and the attachment was discharged. It stands, therefore, as security for the payment of the judgment, and the judge, when he took the supersedeas bond, acted with reference to a judgment which was "otherwise secured" within the meaning of Rule 29, and could be governed accordingly. The present motion is not made because the condition of the Fidelity Company has changed since the security was taken, but because another surety ought to have been required before the attachment was discharged. This was one of the facts existing at the time the security was accepted, and, therefore, under the rule in *Jerome* v. *M'Carter*, not open to consideration here for the purposes of a review of the action of the judge who fixed the amount.

*Denied.*