## THE FARMERS STATE BANK v. HAUN, ET AL.

Same v. State, et al.; Same v. Waltz, et al.; Same v. Adison,
et al.; Same v. Lichtenwald, et al.; Same v. Wilk, et al.;
Same v. Longern, et al.; Same v. Chisam, et al.; Same v.
Gordon, et al.; Same v. Delfelder, et al.

(Nos. 1148, 1149, 1150, 1151, 1152, 1153, 1154, 1155, 1156,
1157; Decided February 27th, 1923; 213 Pac. 361)

APPEAL AND ERROR—STAY OF EXECUTION—CONSOLIDATION OF ACTIONS
—SUPERSEDEAS BY APPELLATE COURT—BOND ON DIRECT APPEAL.

1. A decision of the Supreme Court, construing a statute re-
lating to stay of execution pending proceedings in error
is limited to the facts in the case and inapplicable to ap-
pellate proceedings under a different statute.

2. Where a number of cases between the same parties are
pending on appeal, a motion made upon sufficient grounds,
and agreed to by all parties, to consolidate and advance
the hearing of the causes, will be granted.

3. After acquiring appellate jurisdiction of a particular case
under the direct appeal statute, the Supreme Court has in-
herent power to stay the enforcement of the judgment
appealed from, upon proper terms and conditions, when
necessary for a proper exercise of its jurisdiction.

4. Where the trial court by order, has fixed the undertaking
required to stay the judgment pending appeal in an
amount equal to the judgment and costs, a motion made
in the Supreme Court to reduce the appeal bond to a nom-
inal sum, will be denied.

5. The direct appeal statute (6412 C. S.) authorizing the trial
court to stay execution pending perfection of an appeal,
with discretion to require an undertaking conditioned as
prescribed therein, which, if given in the first instance,
shall continue in force and operate as a stay of execution,
pending the disposition of the appeal, does not exclude
the making of other stay orders by the trial or appellate
courts, in accordance with fundamental principles, when
necessary in the due administration of justice.

6. The inherent power of the appellate court to make orders
staying the execution of judgment or, for other purposes
in the exercise of its appellate jurisdiction, should be used

only when necessary to a full and complete exercise of
its jurisdiction and then as far as practicable, in accord-
ance with the statute and not in any case, to substitute
its own order, for that of the District Court, when that
court has authority to make such an order, or to relieve
that court of its authority or discretion under the statute.

7.   The provisions of the direct appeal statute, authorizing the
trial court to fix the amount of undertaking necessary to
stay execution of the judgment appealed from, must be
understood as intending that the bond shall, in terms and
effect, be sufficient as an obligation to pay the judgment,
without a levy and sale of property of the judgment debt-
or under execution.

Heard on Two Motions: 1.   For an Order Granting
Supersedeas in Each Case; 2 To Consolidate and Advance
the Several Causes for Hearing.

*A. C. Allen* and *O. N. Gibson,* for plaintiff and respondent.

*W. C. Mentzer, H. C. Brome,* and *Joel F. Longnecker,* for
defendant and appellant.

No briefs were filed on the motions.

POTTER, Chief Justice.

The above numbered cases, here on appeal, have been
heard together upon two motions; one to consolidate the
causes for hearing and advance the hearing thereof in this
court, and the other for an order by this court staying ex-
ecution in each case pending the appeal, upon the appel-
lant's giving bond in such reasonable time and reasonable
sum as may be fixed by the court conditioned as provided
by law, and restraining the enforcement of the judgment
appealed from during such reasonable time.

No objection was offered to the motion to consolidate and
advance the hearing of the causes, but counsel for appellee
announced their readiness to join in a request for an order
to that effect.   The reasons stated in the motion appearing
to be sufficient to justify it, an order will now be entered
consolidating the causes for hearing, and when they are

matured for hearing by the filing of briefs, an order may then be entered advancing the hearing.

The several causes are here under the statute providing for a direct appeal as distinguished from proceedings in error, for the review of money judgments rendered against the appellant as an alleged guarantor of certain notes; the appellant having been joined as a defendant in each action with the maker or makers of the note or notes upon which the action was brought, the plaintiff in each case being the same—The Farmers State Bank of Riverton. Although the motion to stay execution does not indicate a purpose that the bond to be provided for in such an order shall be limited to a sum less than the amount of the judgment or that might be deemed a proper amount in such a bond standing alone to secure the payment of the judgment, it was suggested upon the argument, for reasons presently to be stated, that the bond to be required by such an order of this court should be merely for a nominal sum. And we understand the purpose of the motion to be to obtain an order of this court staying the enforcement of the judgment in each case upon the giving of a bond for a nominal sum, it having been conceded at the argument that an order had been entered by the District Court before the appeal was perfected providing for a stay of execution in each case upon the giving by the appellant of an undertaking or bond in a sum equal to the amount of the judgment plus $100; the last named amount having been included to cover costs. Such order of the District Court does not seem to be included in the record here, but there is in the record a notice for the hearing of an application to be made by the appellant to the District Court for such an order.

The grounds upon which it is contended that the appellant should be permitted to give a bond in a much smaller sum in each case than that fixed by the District Court are substantially as follows: That the principal assets of the appellant, which is a corporation organized under the laws of Utah, consist of farm lands in Fremont County in this

state, purchased for cash during the years 1918, 1919 and 1920, upon which improvements have been placed by the appellant costing approximately $293,000; that said lands cover a total of 3900 acres of irrigated farms worth $175,000; that said lands as held by appellant are subject to existing liens on certain parcels amounting to only $28,000; that the total amount claimed in 18 civil cases brought against the defendant as guarantor of certain notes of its tenants on said lands, including the cases now here, is the sum of $73,-000; that in 16 of said suits the plaintiff caused writs of attachment to be issued and levied upon appellant's said land and property, whereby the plaintiff secured a lien for the alleged obligations in more than twice the amount alleged to be due; that the plaintiff has also, in nearly all of said cases, collateral security of the makers of the notes, as well as the personal liability of such makers, many of whom are solvent; that executions have also been issued upon the judgments and levied upon said lands, in the cases now in this court, greatly interfering with appellant's income from said lands, and, as we were informed, the separate parcels of land levied upon under execution are now advertised for early sale upon such levy. We were also informed, whether it may be material or not, that there was no provision in the judgment in either case for a sale of the property covered by the writ of attachment issued and levied in the case, but that the executions issued in the several cases have been respectively levied upon separate parcels of the land irrespective of the tract or tracts covered by the writ of attachment in the same case.

The motion here is supported by several affidavits showing the value of the lands to approximate the value stated in the motion, upon which it is argued that the plaintiff and appellee is already sufficiently secured by said attachment and execution liens. The motion is contested on the ground, first, that this court is without jurisdiction to grant the stay for the reason that the statute provides the only method, citing Laughlin v. King, 22 Wyo. 8, 133 Pac. 1073, and

second, that the plaintiff is entitled to proceed with the levy and sale under the executions in the several cases, unless bond, as provided by statute, is given in an adequate penal amount to secure the payment of the judgment. The statute thus relied on is found in § 6412, Comp. Stat. 1920, among the provisions of the statute providing for the appellate procedure under which the case is here. It provides that upon a defeated party stating to the District Court after judgment in a civil case that he desires the case reviewed on appeal and a stay of execution and judgment for that purpose, said District Court, or judge thereof, shall stay execution and judgment for such time as may be necessary for the appeal to be perfected and may require such undertaking for the stay as in the discretion of the court or judge may appear reasonable and necessary; the condition of the bond to be that the party intending to appeal "will perfect his appeal within the time allowed by law, and, if perfected, that he will prosecute the appeal in the Supreme Court with diligence, and that he will abide the judgment appealed from, and pay to the opposite party the amount thereof with interest, and the costs of the District Court, and all costs of appeal in the event that he is unsuccessful." The section provides further that if such bond shall be furnished in the first instance, and the appeal be perfected within the time required by the statute, said bond shall continue in force and operate as a stay of execution pending the appeal.

The case of Laughlin v. King, supra, was in this court under the provisions of the statute relating to proceedings in error, which was then and for many years had been the only method of review in this court of a judgment of the District Court until the enactment in 1917 of the statute providing for the so-called "direct appeal," as a separate and independent method of reviewing civil and criminal cases in this court. And the only statutory provisions for staying execution pending such review in this court were those referred to in that case, viz., §§ 5116 and 5124, Comp. Stat. 1910, now respectively §§ 6378 and 6386, Comp. Stat.

1920. The first of the two cited sections declares that no proceeding to reverse, vacate or modify a judgment or final order of the District Court shall operate to stay execution until the party against whom the judgment or order was made shall file in the·office of the clerk of the court wherein the same was rendered an undertaking with sureties to be approved by the court, or the judge or the clerk thereof, in a sum to be fixed by the said court or judge, and prescribes the condition of such undertaking in certain cases: 1. When the judgment or order directs the payment of money. 2. When it directs the execution of a conveyance or other instrument. 3. When it directs the sale or delivery of possession of real property. 4. When it directs the assignment or delivery of documents. The other section provides that execution of a judgment or final order of any judicial tribunal, other than those enumerated in the chapter, may be stayed on such terms as may be prescribed by the court in which the petition in error is filed, or by a judge thereof. The prescribed condition of the required undertaking where the judgment or order directs the payment of money is ''that the plaintiff in error will pay the condemnation money and costs, if the judgment or final order be affirmed in whole or in part, or if the proceedings in error be dismissed.''

Considering only those two sections of the statute, it was said in Laughlin v. King that where the judgment is for money only ''neither this court nor a judge thereof is authorized to fix the terms on which execution will be stayed, the statutes having otherwise prescribed the method for so doing.'' And an order of the Chief Justice for such stay made after the proceeding in error had been commenced was held to have been inadvertently made. The court cited Hyde v. Bank, 49 O. St. 60, 34 N. E. 720, and quoted from it a statement to the effect that upon the affirmance in the circuit court of a judgment of a court of common pleas for money only, the judgment debtor is entitled to a stay of execution upon giving an undertaking to the acceptance of the

clerk of the circuit court and that in such case the Supreme Court is not required nor authorized to fix the terms for the stay of the judgment of the circuit court.

The decision in the case of Laughlin v. King, was no doubt correct upon the facts in the case, for as shown by the opinion, the court held that when the stay order was made in this court, the appellant had then the right to stay execution, without such an order, by filing an undertaking in the District Court in a sum to be fixed by that court or the judge thereof under the provisions of Sections 5116 and 5117, Comp. Stat. 1910, (§§ 6378 and 6379, C. S. 1920,) the precise point so decided being that the plaintiff in error had the right, on commencing his proceedings in error, to stay execution by complying with the provisions of Sec. 5116, notwithstanding that an undertaking had been given but without an order fixing the penal amount and the expiration of the 90 day period mentioned in Sec. 5117. And the holding in that respect accorded with the court's previous construction of those sections upon an ex parte application under like circumstances which had been announced without written opinion. But the court may have gone too far in declaring, without qualification, if that was intended by the language used, that such an order of this court would not be authorized in any case where the judgment sought to be reviewed is for money only; and we are inclined to the view that the decision must be understood as limited to the facts in the case, if not modified to the extent that it may not be in harmony with the present views of the court herein expressed. The question is not so much one of authority or jurisdiction, as the propriety of its exercise in a particular case.

The provisions for staying execution found in the direct appeal statute are not so exclusive in terms as those considered in Laughlin v. King. Without the use of negative words they require merely that upon proper application the District Court or judge shall order a stay of execution for the time necessary to perfect a desired appeal, and de-

clare that if the bond or undertaking required by such an order be given "in the first instance," and the appeal be perfected within the time required by the statute, it shall operate as a stay pending the appeal. It does not in terms deny the right, under other circumstances or at another time, to give a bond or obtain a stay. It does not, in terms at least, declare that no other stay order shall be made than that provided for, whether by the trial or the appellate court, but seems to leave the matter in that respect to be determined with a due regard to fundamental principles affecting the jurisdiction of courts and the exercise of such jurisdiction for the purpose of enforcing a due administration of justice.

More recently than the decision in Hyde v. Bank, supra, the Supreme Court of Ohio has held that a court has authority to make any judicial order which, from the nature of the case, may be necessary to the effective exercise of its jurisdiction, whether original or appellate, and said, in that connection: "Authority to determine  *  *  *  implies power to make all such orders as may be appropriate to the case presented and necessary to give practical effect to the final judgment, as well as to preserve the subject of the action, pending the final determination of the case." (State v. Board, 70 O. St. 341, 71 N. E. 717.) The statutes of that state seem to provide also that the Supreme Court may issue a writ of supersedeas in any case, and other writs not specially provided for and not prohibited by law, when necessary for the due administration of justice throughout the state. (See Whittaker's Ann. Civ. Code, 7th Revised Edition, p. 11; 8th Revised Edition, p. 12.) And under that provision said Supreme Court, in an unreported case, granted a motion for a new supersedeas bond to be given in the circuit court from which the case had come for review, upon a showing that the surety upon the bond originally given had become insolvent. (See Ohio Sup. Ct. Proc., by Wilkenson & Chittenden, 1912 Ed. 324.)

It is provided in our state constitution that the Supreme Court shall have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, "and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." (Art. V, § 3.) A similar provision in the Constitution of California, expressed in almost the same language, has been construed as granting the power expressly to issue the specially enumerated writs, "*and, in addition thereto,* all writs necessary and proper," etc., or "*all writs different from those* specified," etc. (Tyler v. Houghton, 25 Cal. 26; Hyatt v. Allen, 54 Cal. 353.) Referring to said provision in our Constitution, it was said in Dobson v. Westheimer, 5 Wyo. 34, 36 Pac. 626, Chief Justice Groesbeck speaking for the court: "The constitutional grant construes itself and is broad enough to clothe this court with abundant authority in the exercise of its appellate and revisory powers without invoking the inherent powers of the court." But it was said also in that case preceding those words: "One of the essential attributes of appellate jurisdiction, and one of the inherent powers of an appellate court, is the right to make use of all writs known to the common law, and if necessary to invent new writs of (or) proceedings in order to suitably exercise the jurisdiction conferred." And it is provided by statute that this court, as well as the District Court, or a judge of either, may grant an injunction as a temporary remedy, during the pendency of a case on error or appeal. (Comp. Stat. 1920, Sec. 6169.) It is said in a Washington case that the inherent power of the court is the power to protect itself; the power to administer justice whether any previous form of remedy had been granted or not; the power to promulgate rules for its practice; and the power to provide process where none exists. (In re Bruen, 102 Wash. 472, 172 Pac. 1152.)

This court has granted supersedeas, as well as an injunction upon the giving of a prescribed bond, but not, as we recall, in any case like the present, where an adequate

stay could be obtained under the statute without an order from this court.  Whether general authority for such action by this court in any case is to be found in the constitutional provision aforesaid or not, we are convinced that as one of the inherent powers of the court it may grant supersedeas or an order staying execution or the enforcement of the judgment appealed from upon proper terms and conditions, after it has acquired appellate jurisdiction over the particular case, if that be found necessary to make effective the complete exercise of its appellate jurisdiction, and thus avoid a miscarriage of justice which might otherwise result.  (2 R. C. L. 124, § 98; 2 Cyc. 892, 893, and cases cited; 3 C. J. 1287, 1288; Hudson v. Smith, 9 Wis. 122; Janesville v. Water Co., 89 Wis. 159, 61 N. W. 770; In Re McKenzie, 180 U. S. 536, 21 Sup. Ct. 468, 45 L. Ed. 657; Mexican Construction Co. v. Reusens, 118 U. S. 49, 6 Sup. Ct. 945, 30 L. Ed. 77; Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Ex Parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317, 30 L. Ed. 506; Allen v. Church, 101 Iowa 116, 70 N. W. 127; Granger v. Craig, 85 N. Y. 619; Tulleys v. Keller, 22 Neb. 788, 60 N. W. 1015; Watters v. Treasure Min. Co., 21 N. M. 275, 153 Pac. 615; Insurance Co. v. Dutcher, 48 Neb. 755, 67 N. W. 766; In Re Epley, 10 Okl. 631, 64 Pac. 18; Hill v. Finnigan, 54 Cal. 493; Mansfield v. Stern (Cal.) 4 Pac. 777; Rogers v. Super. Court, 158 Cal. 467, 111 Pac. 357; McClatchey v. Sperry, (Cal.) 58 Pac. 528.)

In Hyatt v. Allen, supra, one of the California cases cited above as having construed the constitutional provision of that state granting power to issue writs in aid of appellate jurisdiction, it was said also: ''In the absence, however, of any specific prohibition in the Constitution, the court would undoubtedly have the power to issue all writs necessary to the complete exercise of its appellate jurisdiction.'' It is said in the Wisconsin case of Janesville v. Water Co., supra:

''This court has the inherent power, by virtue of its appellate jurisdiction, to grant the order applied for, and to

restore the parties, so far as may be, to their condition in respect to the matters affected by the order at the time it was granted. * * * Appeals from orders and judgments, in the cases allowed by law, are a matter of right; and within the limitation that the appeal is taken and prosecuted in good faith, and that the party asking it gives the reasonable security required for that purpose, a stay of proceedings during the pendency of an appeal is quite of course, and really a matter of right, without which an appeal allowed by law would often prove fruitless and the appellate jurisdiction of the court be found inadequate to the ends of justice and the proper protection of the rights of parties during the pendency of the appeal.''

The U. S. Supreme Court, in the McKenzie case above cited, said, referring to the decision in a previous case: ''Even if the language used be given this scope beyond proceeding with the main case, it nevertheless does not interfere with the inherent power of the appellate court to stay or supersede proceedings on appeal from such orders as those here. Tested by the principles and rules which relate to chancery proceedings, the power of the appellate court to render its jurisdiction efficacious, the court below refusing to do so, is unquestionable.'' In McClatchy v. Sperry, supra, the California court said: ''It is well settled that we can order a stay upon the filing of a sufficient bond in this court. Hill v. Finnigan, 54 Cal. 493, establishes the practice and it has been followed in numerous subsequent cases. Of course, it is necessarily implied that a bond so filed will protect the respondent.'' And the court approved a tendered bond ''subject to any exception that the respondent may take within 10 days after notice of this order,'' directing that in the meantime, and until the further order of the court, ''all proceedings upon the judgment appealed from are stayed.'' (And see Hale v. Silver Min. Co., 122 Calif. 56, 54 Pac. 270.)

The appellate court's power in that respect, however, should be exercised only when necessary to a full and com-

plete exercise of its jurisdiction in the case, and then as far
as practicable by following the provisions of the statute, and
not in any case merely to substitute its own order for that
of the District Court when that court is authorized to make
such an order, or to relieve that court of its authority or dis-
cretion under the statute.   Thus, in Williams v. Borgwardt
(Cal.) 47 Pac. 594, after stating the rule established by Hill
v. Finnigan, supra, affirming the inherent power of the
court to make an order to operate as a supersedeas, and the
fact that such orders have frequently been made, the court
said:  "But they have not been made, and they ought not
to be made, in the absence of any excuse for the failure to
give the undertaking or to justify the sureties in the man-
ner and at the time prescribed and intended by the statute.
*   *   *   In short, there is nothing to show either accident,
surprise, inadvertence, or excusable neglect, and for this
court to extend the relief asked would be equivalent to mak-
ing a rule that the appellant may always neglect to follow
the procedure prescribed by the statute, secure that upon
his mere request this court will issue its supersedeas upon
the filing of a bond to be approved by us.  It would involve
greater expense and inconvenience to respondents, and
would seriously encroach upon the time of this court."  But,
speaking generally, and without intending to cover all cases
where an exercise of our jurisdiction in the premises might
be proper, if a District Court should refuse to act or if an
appellant should be otherwise prevented from obtaining a
timely or effectual order from that court, or a bond given
should prove unavailing for some reason beyond appellant's
control or without his fault, an order by this court after ac-
quiring appellate jurisdiction might become proper.

Nothing having been stated to the contrary, we assume
that the appeal in each of the cases here under consideration
was taken and perfected within the time required by the
statute and that the defendant and appellant may yet ob-
tain a stay of execution or of further proceedings under it
by giving the statutory bond in each case in the District

Court in the amount fixed by that court before this court acquired jurisdiction. If the power was now to be exercised by this court, the condition of the bond should be that prescribed by statute, which condition very clearly indicates that it is intended that the bond shall be sufficient of itself to secure the payment of the judgment. We are not prepared to assent to the proposition that such a bond, whether provided for in an order of the District Court or this court should be only in a nominal sum because of the alleged fact that execution has been levied under the judgment upon property of sufficient value to amply secure its payment.

While the section of the direct appeal statute providing for a stay of execution pending appeal seems somewhat peculiar in that it provides first for an order granting a stay for such time as may be necessary to *perfect* the appeal, and *for that period* apparently either with or without bond, and then in prescribing the condition of a bond when required, makes it include an obligation to abide and pay the judgment and costs in case the appellant is unsuccessful, and provides that such bond, when given, shall continue in force and operate as a stay pending the appeal, such provisions must be understood as intending that the bond shall in terms and effect be sufficient as an obligation to pay the judgment without compelling a resort to a levy or sale of property under execution. And that, we think, is a substantial right of the appellee of which he should not be deprived, whether or not the property he may levy upon shall be sufficient to secure the payment of the judgment. Nor should the court be called upon to determine whether or not property so levied upon will in the end be sufficient to amply secure the payment of the judgment.

The amount of the undertaking or bond fixed in the District Court's order in these cases was not excessive or unreasonable, and we would not be inclined to prescribe a less amount for an undertaking or bond in either of the cases here. For that reason, and with the understanding that the order of the District Court will permit the giving and

filing of an undertaking in the amount thereby fixed, which will effectually stay execution, the application here made will be denied; but our order denying the application will be so entered that it cannot be construed as preventing the filing of a bond in the District Court as provided by the statute.

BLUME and KIMBALL, JJ., concur.