## STATE EX REL. JONES v. DISTRICT COURT, ET AL.*
### (No. 1483; February 7, 1928; 263 Pac. 700)

COURTS—CONSTITUTIONAL LAW—POWER OF SUPREME COURT TO CONTROL COURSE OF LITIGATION—PROHIBITION—ADEQUATE REMEDY BY APPEAL—PROHIBITION NOT WRIT OF RIGHT.

1. Under Const. art. 5, §§ 2, 3, Supreme Court has plenary power to control course of litigation in trial courts.

2. Prohibition does not lie to prevent trial court from requiring plaintiff garnishing judgment debtors to give bond to judgment creditors where appeal from judgment dismissing cause of action had been taken, since, by application to Supreme Court on appeal, it, under Const. art. 5, §§ 2, 3, could direct district court to impound until further order any collections made by judgment creditors under such judgment.

3. Writ of prohibition is not a writ of right.

*See Headnotes:    (1) 15 C. J. p. 1026 n. 37.    (2) 32 Cyc. p. 614 n. 2.    (3) 32 Cyc. p. 600 n. 5.

ORIGINAL proceeding by the State, on the relation of Edith A. Jones, for prohibition to be directed to the District Court of the Ninth Judicial District of Wyoming, Hon. E. H. Fourt, Judge thereof, and others.

*A. C. Allen* and *O. N. Gibson,* for plaintiff.

The order complained of attempts to obstruct the effect of appeal already taken, which is not permissible, 3 C. J. 1255, 2 Enc. Pl. & Prac. 207; Coffee v. Harris, (Wyo.) 197 Pac. 1; Clavis v. Lane, (Mont.) 74 Pac. 406; Adams v. Box, 27 N. Y. 640; Elwert v. Irving, (Wash.) 66 Pac. 123; Fullerton v. Tinkerton, (S. D.) 115 N. W. 91. A trial court and an appellate court cannot exercise jurisdiction at the

same time over the same judgment, nor can the appellate court be deprived of its jurisdiction, once acquired, by any order of an inferior tribunal, O'Grady v. Court, (Mont.) 202 Pac. 575; State v. Court, (Mont.) 250 Pac. 609, 3 C. J. 1161. The control of the supersedeas was transferred to the appellate court, Draper v. Davis, 102 U. S. 370; Keysor v. Farr, 105 U. S. 265; mandamus will lie to compel the trial court to fix the amount of the bond, 3 C. J. 1162; a trial court is without jurisdiction to make the order complained of, Vosberg v. Vosberg, (Calif.) 70 Pac. 473; Richardson v. Bohney, (Idaho) 109 Pac. 727; Mulvey v. Superior Ct., (Calif.) 135 Pac. 53; 3 C. J. 256. The statute prescribes the undertaking required, Barnes v. Co., (Idaho) 57 Pac. 267; Omaha Co. v. Kountze, 2 Sup. Ct. Rep. 911; Dorrington v. Conrad, (Kans.) 53 Pac. 881; Laughlin v. King, 22 Wyo. 8. The conditions of garnishment bonds are fixed by statute and no additional conditions may be imposed, Mayo v. George, (N. M.) 248 Pac. 885; 6 C. J. 283; 2 Shinn Att. § 704; Collins v. Burns, (Colo.) 26 Pac. 145. A garnishment lien is not lost by adverse judgment in the main action if appeal be taken, 28 C. J. 380; Waples p. 521; Drake Att. 460, Fitzpatric v. Letten, 123 La. 748. Prohibition will be refused if there be a plain, speedy or adequate remedy at law, but granted if the concurrent remedy is not regarded as adequate, 32 Cyc. 617; State v. Huston, (Okla.) 97 Pac. 1; it will lie to stay proceedings upon appeal, 32 Cyc. 609; the object of the writ is to restrain tribunals from exceeding their jurisdiction, State v. Carr, (Okla.) 244 Pac. 1; State v. Court, 5 Wyo. 227. The existence of a remedy by appeal is not a bar to prohibition unless remedy be plain, speedy and adequate, § 9862 R. C. 1921; it is neither speedy nor adequate if its slowness is likely to produce injury or mischief, State v. Court, (Mont.) 224 Pac. 886; Hammond v. Sup. Ct., 219 Pac. 1037; State v. Dist. Co., 34 Wyo. 268; the order is not reviewable on appeal, 3 C. J. 529; a remedy by appeal is inadequate.

*M. C. Burk,* for respondents.

The district court had jurisdiction to make the order,. Bank v. Haun, 213 Pac. 361; 6411-12 C. S.; 3 C. J. 1313. The attachment was dissolved by judgment and no order was made containing the garnishment in effect; relator had no substantial legal right to be protected, 6150 C. S.; Loveland v. Alvoord, 18 Pac. 682; Hamilton v. Bell, 55 Pac. 758;. Clark v. Court, 174 Pac. 681; Green v. Hopper, 167 Pac. 23; when judgment was rendered the garnishment was released except as to funds sufficient to meet judgment and costs; prohibition is not a writ of right, State v. Chadron, 5 Wyo. 227; relator had an adequate remedy at law or in equity, 3 C. J. 1313; Bank v. Haun, supra; Dobson v. Westheimer, 5 Wyo. 34; an undertaking required to protect against loss. of money garnisheed, if the same is to be held, does not encroach upon the supersedeas or garnishment statute, 6412 C. S.; Wells v. Loofborough, 162 Pac. 375; Nichols v. Ingram, 146 Pac. 988; Washington Co. v. Weiser Bank, 253 Pac. 838.

*A. C. Allen* and *O. N. Gibson,* in reply.

The only bond that the court would require is that prescribed by Secs. 6411 and 6412 C. S.; defendant's theory that the attachment was dissolved because no order was made continuing same, is unsupported by authority; Loveland v. Alvoord, 18 Pac. 682; Hamilton v. Bell, 55 Pac.. 758; Clark v. Court, 174 Pac. 681; Wells v. Loofborough, 162 Pac. 375; Washington Co. v. Weiser, 253 Pac. 838; Waring v. Fletcher, 52 N. E. 203. The identical question was involved in Snow v. Duxstad, 23 Wyo. 82; the order requiring relator, in order to preserve her right of stay on appeal, to file within three days a bond of ten thousand dollars, was an illegal and unconstitutional usurpation of authority.

RINER, Justice.

This is a proceeding invoking the original jurisdiction of this court to issue a writ of prohibition to the District Court of the Ninth Judicial District, Honorable E. H. Fourt the presiding Judge thereof, L. B. Gaylord, Sheriff of Fremont County, Wyoming, and Elizabeth Wettlin and Herbert G. Wettlin, requiring them to refrain from any further proceedings under an order made by the District Court aforesaid and hereinafter mentioned. The relator alleges, in substance, in her petition, that on June 24, 1925, she instituted in said District Court a civil action, numbered 3736, against Elizabeth Wettlin and Herbert G. Wettlin for the recovery of $5400.78; that the same day she filed an affidavit in attachment in said cause alleging non-residence on the part of the Wettlins and also a sufficient attachment bond; that on the 24th day of June, 1925, pursuant to a writ of attachment issued in the cause, Squier Jones, A. E. Vollmer, H. C. Lawer and Charles Swanson were summoned in garnishment as debtors of the Wettlins upon an indebtedness evidenced by a judgment given in said court on July 29, 1922 in case No. 3125, in favor of the Wettlins as plaintiffs, and against the said Jones and Vollmer as defendants, and the said Lawer and Swanson as their sureties, upon a supersedeas bond given by said defendants in an appeal from the said judgment which appeal failed; that upon service of the garnishment process, proceedings under said judgment were stayed; that on the 4th day of August, 1927, upon a trial in said cause No. 3736—another district judge sitting —judgment was entered dismissing relator's cause of action; that on the 5th day of August, 1927, relator served and filed in said cause a notice of appeal from said judgment to this court; that on August 16, 1927, an order was made in said cause staying the judgment aforesaid and execution pending appeal to this court upon relator's filing a bond in the penal sum of $1,000; that said bond was duly filed on September 16, 1927 and approved by the clerk of said court; that on September 30, 1927, relator prepared and filed her

record on appeal in said cause, and on the same day served
upon the Wettlins' attorney in said case her specifications
of error; that on September 20, 1927, the Wettlins filed a
motion for an order requiring relator to appear in said court
on October 1, 1927, to show cause why she should not be re-
quired to execute to the Wettlins, or to the said court for
their use, an undertaking in the sum of $10,000, conditioned
that the relator would hold harmless the Wettlins by reason
of the retaining the garnishment in effect in the cause
pending on appeal to this court—and that relator would
pay to the Wettlins any sums remaining unpaid on the
judgment in case No. 3125 already described, and that un-
less such undertaking be given, the garnishment be at once
dissolved and stay of execution immediately denied; that
the court, without notice to the relator, entered an order
nisi, returnable on November 1, 1927, in conformity with
the prayer of the motion; that on September 20, 1927, rela-
tor filed, in response to this order, her resistance to the
same, alleging that the order was issued without the court's
having judisdiction to make and enter it; that thereafter,
on October 4, 1927, the matter was heard and the court
made the order specifically complained of now, requiring
relator to "make, execute and deliver an undertaking in
the sum of $10,000 to the defendants herein (the Wettlins),
with good and sufficient sureties, to be approved by this
court or the clerk thereof, conditioned for the payment of
all loss, damages, interest and costs that the defendants
(the Wettlins) here may suffer on account of such appeal,
and any penalty that may be assessed by the Supreme Court
in this said cause, and especially the amount of the judg-
ment, interest and costs accrued in the judgment held by
these defendants against Squier Jones and A. E. Vollmer,
and the garnishment in this cause against the sureties
Charles Swanson and H. C. Lawer, being case No. 3125 in
this said court; and conditional that if the plaintiff (rela-
tor) be successful on her appeal, this undertaking to be
void;" and "in default of the furnishing of such under-

taking, as above provided, within three days of the date hereof, that execution in this said cause shall not be stayed, and that the defendants herein be permitted to pursue their remedies against said judgment debtors and their sureties;'' that exception was saved to this order; that the Wettlins are non-residents of the state of Wyoming; that on information and belief, relator alleges that neither of the Wettlins has any property in this state, except what may be due them under the judgment in case No. 3125 aforesaid; that the dissolution of said garnishment would deprive relator of the security obtained by the attachment bond and the supersedeas bond given by her on appeal; that the District Court aforesaid was without jurisdiction to make, enter or enforce the order last above quoted. Copies of the undertaking in attachment, judgment in case No. 3736, notice of appeal thereon, order staying execution pending appeal, undertaking on appeal, motion for order nisi and order thereon, resistance to order to show cause, and the order here attacked, are attached to the petition.

Upon the presentation of the petition, an alternative writ of prohibition was issued, requiring Honorable E. H. Fourt and L. B. Gaylord, Sheriff, to show cause on the 8th day of November, 1927, why an absolute writ of prohibition should not be issued, and that they refrain from any proceedings in the matter mentioned in the order allowing the writ, pending the decision of this court.

On November 8, 1927, pursuant to the alternative order, there was filed in this court an answer of the District Court of the Ninth Judicial District and Honorable E. H. Fourt, the Judge thereof. This answer appears to reiterate many of the facts set forth in the petition above summarized. It also alleges that no answer of Squier Jones, Vollmer, Lawer and Swanson, as garnishees in case No. 3736 aforesaid, has been made in the cause, and undertakes to question the authority of the attorney in fact who signed the attachment bond therein; it further avers the records show that an execution was issued out of the court below in case No. 3125,

against the garnishees last mentioned, on August 5, 1927, and upon motion made, the execution was quashed. The reply of relator filed in this court on the 16th of November, 1927, admits generally the allegations of the answer, but takes issue on the allegation of want of authority of the attorney in fact to sign the attachment bond, and also sets out some other matters not material to be considered at this time.

There are certain principles of law which govern the issuance of the writ of prohibition. It is well to have these clearly before us, before undertaking to dispose of the matter at bar. This court, in the early days of its history, had occasion to define some of these rules, and, in State ex rel. Bank of Chadron v. District Court, 5 Wyo. 227, 39 Pac. 749, used the following language:

"The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal. High Ex. Leg. Rem., 762; Spelling on Ex. Relief, Sec. 1716.

"It is only granted to prevent action, and not to undo that which has already been done. In general, it only lies when the court either has no jurisdiction of the subject matter, or, having that, exceeds it in some incidental matter or in rendering judgment, and no appeal or writ of error or other remedy is at all available, or, if so, is not adequate to afford the redress to which the injured party is entitled. Spelling on Ex. Relief, Sec. 1725; High Ex. Leg. Rem., 767-772; Ex Parte Greene, 29 Ala. 52; Ex Parte Peterson, 33 Ala. 74; Leonard v. Bartels, 4 Colo. 95; State ex rel. Lasher v. Municipal Court, 26 Minn. 162."

And it also said in the same opinion:

"The writ of prohibition is not a writ of right, but is in the sound discretion of the court issuing it; and in general it is a good reason for denying the writ that the complaining

party has a complete remedy in some other or more ordinary form.

"As was said by the court in State ex rel. Lasher v. Municipal Court, supra: 'When the cause of action is within the jurisdiction of the court, and in the course of the action any matter arises or is presented to the court which requires it to decide upon its jurisdiction, an error in such decision ought to be corrected upon review; and that where in such case an adequate mode of review was open to such party, the writ of prohibition ought not to issue.'  And, again: 'It is much better for the orderly administration of justice that such case should first come through the ordinary mode of trial and decision in the court below, and that any errors committed by it, whether touching its jurisdiction or not, shall be brought here for review and correction in the ordinary way.' "

See also State ex rel. Mau v. Ausherman, 11 Wyo. 410, at 429, 72 Pac. 200, 73 Pac. 548.  In Keefe, et al. v. District Court, 16 Wyo. 381, at 394, 94 Pac. 459, 462, it is said:

"Without entering upon a discussion of the application of a writ of prohibition, we deem it sufficient to say, that one of the principal purposes of the writ is to prohibit an inferior court from proceeding in a cause over the subject-matter of which it has no jurisdiction, and which if proceeded in may result in injury or damage for which the party has no adequate or complete remedy in the usual course of law.  If such remedy exists and is complete and adequate the writ should not issue."

It would seem that the current of authority supports these statements of the law, though it may be that in certain instances, as suggested in State v. District Court, (Wyo.) 260 Pac. 185, there might be an exception to the general rule that the writ will not undertake to undo what has been done.

In connection with the rules to which reference has just been made, there should be borne in mind Wyoming's constitutional provision, which declares that:

"The Supreme Court shall have general appellate jurisdiction coextensive with the state in both civil and criminal causes, and shall have a general superintending control over all inferior courts under such rules and regulations as may be prescribed by law.''

And also section 3 thereof, which provides, among other things, that:

"The Supreme Court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.''

In construing these sections, this court, in the case of State ex rel. Mau v. Ausherman, supra, remarked that:

"Should it be conceded that the provision in Section 3 giving the court 'also' power to issue the certain writs therein specified was not inserted with reference to the general superintending control granted over all inferior courts by the preceding section, it would not follow that the power to issue the writs necessary for the purpose of exercising such superintending control did not exist. It was held in Colorado that the superintending control conferred upon the Supreme Court of that State in language similar to that employed in our constitution carried with it, without any express provision on the subject, authority to issue all writs appropriately connected with the proper performance of the duties imposed. (Wheeler v. N. Colo. Irr. Co., 9 Colo. 248; 11 Pac. 103.)''

In Weaver v. Richardson, 21 Wyo. 343, 132 Pac. 1148, this court, in a proceeding in error, upon due application and hearing, entered an order enjoining the defendant in error from trespassing upon or in any manner interfering with the possession of the plaintiff in error in and to the premises involved, during the pendency of the proceeding in error in this court upon plaintiff in error's giving the

usual injunction bond.   Concerning this proceeding, it is said in the opinion in the case:

"The order of this court granting the injunction, during the pendency of the proceeding in error, was authorized by that provision of the constitution conferring upon the court the power to issue writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.  (Constitution Art. V, sec. 3.)"

In Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048, this court said:

"It is clear that in any case brought here on error, whether civil or criminal, the court would have the power, in the aid of its appellate jurisdiction, to require the trial court to act upon a bill of exceptions, duly presented to it for allowance, and to sign and allow a bill against which no reasonable objection could be urged, and, in case of a defective record, to compel the transmission to this court of a true and correct record in any case, if one should be in existence.   Such power is certainly comprised within the constitutional declaration that the Supreme Court may issue various writs named and other writs necessary and proper to a complete exercise of its appellate and revisory jurisdiction."

See also Duxstad v. Duxstad, 16 Wyo. 396, 94 Pac. 463; 15 Ann. Cas. 228; Farmers State Bank v. Haun, et al., 29 Wyo. 322, 213 Pac. 361.   It is thus seen that the power of this court to control the course of litigation in the trial courts of the state is quite plenary.

Now an analysis of the petition for the writ in this case shows clearly that the gravamen of petitioner's complaint against the order attacked is that the dissolution of the garnishment would deprive her of the right to have what may be collected on the judgment in case No. 3125 in the lower court subjected to any judgment she might ultimately obtain in case No. 3736 aforesaid, in the event this

court should reverse the action of the trial court, dismissing her cause of action therein. It appears from the record in this case and from what was called to the attention of this court upon the hearing, that case No. 3736 below is now here as case No. 1487, entitled Edith A. Jones, plaintiff and appellant, v. Elizabeth and Herbert G. Wettlin, defendants and respondents. This being conceded by all the parties hereto, we are convinced that the appeal thus taken is fully adequate to afford any redress to prevent injustice to which *either* party to this record may be entitled.

If it should appear that the respondents in the appealed case are undertaking to collect the judgment garnisheed in that case, and the relator has any right to object to such collection, we entertain no doubt that upon proper application and showing made, this court could, if necessary, under its constitutional power as above indicated, direct the District Court of Fremont County to impound and hold, until the further order of this court, any collections made by respondents under such judgment. We are inclined to the belief, however, that the District Court would hardly require an order from this court on that matter, but would see to it of its own motion. All that the relator can in justice ask, is that whatever may be collected upon said judgment shall respond to whatever rights she may ultimately establish in case No. 3736 now on appeal here. Inasmuch as it is clear that petitioner can be fully protected in the appealed case against the injury she is fearful might occur under the order complained of, we think a sound discretion—the writ of prohibition not being a writ of right—requires that, under the peculiar circumstances of this case, the writ should not be granted by this court.

*The writ of prohibition is denied.*

BLUME, C. J., and KIMBALL, J., concur.