[No. 11122. Department Two.—October 3, 1885.]

## J. A. CARIT, RESPONDENT, *v.* WILLIAM WILLIAMS ET. AL., ANDREW CHARLES, PETITIONER.

APPEAL—ORDER MADE AFTER JUDGMENT—STAY OF EXECUTION.—Pending an appeal from an order made after final judgment for the payment of money, the undertaking on appeal from the order having been waived, but no appeal having been taken from the judgment, the Supreme Court has no authority to grant a stay of execution upon the judgment.

APPLICATION for an order staying execution upon a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Cook & Cook*, for Petitioner.

*D. H. Whittemore*, for Respondent.

THORNTON, J.—This is a motion by Charles above named for a stay of execution upon a judgment recovered against him and another.

After the recovery of the judgment Charles made an application for a discharge from his debts under the insolvent laws of the State, which was granted. In the schedule filed in the

proceedings in insolvency, the judgment above mentioned was placed. After the procurement of the discharge of Charles an execution was issued on the judgment, which came into the hands of the sheriff. The petitioner Charles, after the issuance of the execution mentioned above, filed among the papers in the action above entitled, a certified copy of his discharge in insolvency, and subsequently on the 31st of May, 1884, gave notice of a motion for the 6th day of June, 1884, to set aside the execution before mentioned, to stay perpetually the issuance of any execution on said judgment against petitioner Charles, and ordering that the judgment as against the petitioner be marked satisfied and discharged. This motion was based on the discharge in insolvency of the petitioner. This motion was afterwards heard and denied. From this order an appeal was subsequently prosecuted to this court. It appears that the undertaking on appeal for $300 has been waived according to law.

On the foregoing facts, the motion by Charles in this court for a stay of execution on the judgment aforesaid is based.

We see no reason why this motion should be granted. The waiver of the undertaking is sufficient to stay any execution of the order appealed from, were any stay necessary. But it is manifestly insufficient to stay execution on the judgment referred to even if any such stay could be granted on an appeal from an order made after the judgment. This court has no authority under the statute for ordering any such stay. The stay of execution on a judgment for the payment of money is only allowed on an appeal from the judgment, and giving the undertaking in double the amount, etc., as required by the statute. (Code Civ. Proc. § 942.) Section 949 of the Code of Civil Procedure only refers to a stay of execution upon the order or judgment appealed from, in cases not provided for in sections 942, 943, 944, and 945. In this case there is no appeal from a judgment; the appeal is from an order made after the final judgment, denying Charles' motion for an order, on which no stay is requisite. We think it clear that this court has no power under the statute to grant the stay asked for.

The court sees no reason why, if the order prayed for here were within its discretionary powers, that it should be granted. It certainly would not be granted without requiring the amplest security for the satisfaction of the judgment.

The application must be dismissed, and it is so ordered.

MYRICK, J., and McKINSTRY, J., concurred.