[No. 9365. In Bank. — December 31, 1886.]

J. T. COCHRAN, RESPONDENT, v. I. R. JEWELL, APPELLANT.

AGREEMENT FOR SALE OF HOPS — BREACH OF BY SELLER — EXCESSIVE DAMAGES. — The action was brought to recover damages for the breach of a contract for the sale and delivery of certain hops at a stipulated price per pound. On a review of the evidence, *held*, that the damages awarded by the lower court were excessive, and should be reduced as indicated in the opinion.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. S. Lippitt*, for Appellant.

*York & Whitworth*, for Respondent.

BELCHER, C. C. — This is an action to recover damages for the breach of a contract alleged to have been made on the twenty-fourth day of November, 1882, for the sale and delivery to plaintiff of ninety-seven bales of hops weighing 14,596 pounds, at the price of eighty cents per pound.

The case was tried before a jury, and a verdict was returned in favor of plaintiff for $2,189.40, on which judgment was entered. The defendant moved for a new trial, and the plaintiff was required by the court to remit from his judgment $729.40, and having done so, the motion was denied. The defendant then appealed from the judgment and order.

When the alleged contract was made, the defendant resided and had his hops in Sonoma County. The contract was made through the agency of his son and a broker in the city of San Francisco. It is claimed for the appellant that neither the son nor the broker had any authority to sell the hops for less than ninety cents per pound, and the contract was therefore made without authority, and was void.

On the other hand, it is claimed, and we think there was testimony tending to show, that the contract was ratified by the defendant after he had knowledge of it. We cannot therefore reverse the judgment on the ground that the verdict was not justified by the evidence.

It is further claimed for the appellant that the court erred in giving and refusing instructions to the jury.

After carefully looking at the instructions, we are un-

able to see that any substantial error was committed in this respect. The instructions given by the court, of its own motion and at the request of the parties, seem to cover all the points involved, and to fully, fairly, and correctly state the law of the case.

But we are unable to see why, when the court below was requiring the plaintiff to remit from his judgment an amount equal to five cents for each pound of the hops, it did not make the amount equal to ten cents. It appears from the evidence that a few hours after the contract of sale was made, the son went back to the broker's office and told the broker that "he had sold too cheap," and that he wished to have the contract canceled. The son and broker then went to the plaintiff's office and asked him to cancel the contract. The plaintiff declined, and according to his testimony, the following conversation was had:—

"I told him I could not cancel, as hops were going up. He said his father was interested in the hops, and that his father had been offered ninety cents at Petaluma, and he had been offered ninety cents here after he had sold them. I told him I had been offered ninety cents per pound for them since I bought them, but that I would cancel the contract for five cents per pound. He wanted it left open until he could go and consult with his father, to see whether he wanted to pay the difference — five cents — or deliver. I told him I would leave it open till 12 o'clock the next day, — a Saturday. He said he would go home and consult his father, and would telegraph me what he wanted to do. The next morning he telegraphed me that he would keep the hops. The telegram marked 'F' is the one I received. It was received on the 25th, — the day it was sent, before 12 o'clock, M., according to agreement."

The telegram referred to was signed by the son, and in the following words: —

"Will keep hops and pay difference."

The plaintiff further testified that he afterward met the defendant, and that after stating to him in detail the facts of the case, the defendant said, " Well, we went and we consulted a lawyer, and we telegraphed you that we would pay that." From this it appears that the plaintiff agreed in advance to accept five cents per pound as the measure of his damages in case of the non-delivery of the hops. This being so, why should he now be permitted to exact more ?

Upon the question of what was the real damage sustained by the plaintiff, the evidence was very conflicting, some of the witnesses making it even less than the amount thus agreed upon.

Under the circumstances, we think the damages still given by the judgment excessive, and that the judgment and order should be reversed and the cause remanded for a new trial, unless within thirty days the plaintiff shall file with the clerk of this court a release of all the damages recovered over and above the sum of $729.80, and that upon his filing such release the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial, unless within thirty days plaintiff shall file with the clerk of this court a release of all damages recovered over and above the sum of $729.80; and upon his filing such release, the judgment and order will stand affirmed.

THORNTON, J., and MCKEE, J., dissented.

The respondent having filed the required release, the court, on the 12th of January, 1887, modified the foregoing judgment by ordering that the judgment of the lower court be modified so as to award the plaintiff $729.80 damages, together with his costs of suit, and that said judgment so modified be affirmed.