[15036. Department One. — May 12, 1893.]

## DAVID HUNTER, RESPONDENT, v. A. J. BRYANT ET AL., APPELLANTS.

VACATING JUDGMENT BY DEFAULT—AUTHORITY OF ATTORNEY TO APPEAR—IMMATERIAL QUESTION. — Where a defendant has been served with summons and default has been entered against him, it is immaterial whether or not an attorney, who had appeared for him, was authorized so to do, and a judgment thereafter rendered against such defendant by default will not be set aside upon the ground that an attorney had appeared for him without authority.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing to vacate said judgment.

The facts are stated in the opinion of the court.

*Daniel Titus*, for Appellants.

*Tilden & Tilden*, for Respondent.

GAROUTTE, J. — This is an appeal from a judgment and also from an order denying a motion to set aside said judgment. The appeal is taken by certain sureties upon the official bond of one Hubert, formerly treasurer of the city and county of San Francisco. Appellants have presented no reason why the appeal from the judgment should be sustained, and we therefore pass to a consideration of the order denying the motion to set aside and vacate the judgment. The grounds relied upon to set

aside the judgment are: 1. The summons was not served upon appellants. 2. W. C. Burnett, an attorney-at-law, appeared and represented appellants in the litigation without any authority or knowledge upon their part.

The evidence relied upon to support the first ground stated is very similar to, and certainly no stronger for appellants than that which was presented in *Hunter*. v. *Bryant et al.*, No. 15151, *ante*, page 247, this day decided, and for the reasons there stated we hold against their contention in this regard.

Having decided that appellants were served with summons, it becomes immaterial to determine whether or not Burnett was authorized to appear for them in the litigation. If he was not their attorney in the litigation then they had no attorney and made no appearance, and their default was therefore properly entered under either set of circumstances. As was said in *Fitzgerald* v. *Fernandez*, 71 Cal. 509: "In such a case if there had been no appearance for her, the plaintiff would have been entitled to a default and decree against her, and his position should not be held worse by an appearance with which he had no connection."

For the foregoing reasons the judgment and order are affirmed, and this order is directed to be entered as of date May 1, 1893.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.