[L. A. No. 2217. Department One.—December 15, 1908.]

SOPHIE B. WELDON, Executrix of the Will of T. J. Weldon, Deceased, Respondent, v. RALPH ROGERS et al., Appellants.

APPEAL—MONEY JUDGMENT—UNDERTAKING STAYING EXECUTION NOT SIGNED BY JUDGMENT DEBTOR—NEW JUDGMENT AGAINST JUDGMENT DEBTOR.—Where an undertaking, purporting to be given under section 942 of the Code of Civil Procedure for the purpose of staying execution of a money judgment pending an appeal, is not executed by the judgment debtor, the trial court is without jurisdiction, upon an affirmance of the appeal, to enter a new judgment against the judgment debtor, if no new proceeding or action had been instituted against him, and no summons, notice, or other process had been served upon him. A judgment so entered is wholly void.

ID.—JUDGMENT AGAINST SURETIES ON UNDERTAKING.—Section 942 of the Code of Civil Procedure provides for an undertaking on appeal staying execution and for an *ex parte* judgment thereon against the sureties, only upon appeals from a judgment or order directing the payment of money.

ID.—ORDER FOR EXECUTION — FORM OF ORDER — AMOUNT OF EXECUTION—UNDERTAKING PURPORTING TO STAY EXECUTION—JUDGMENT AGAINST SURETIES.—The superior court, when applied to, *ex parte,* for leave to have execution issued, as provided in section 685 of the Code of Civil Procedure, has no power to direct the payment of money, but only to give leave that the former judgment be carried into execution; and in so far as an order granting such leave purports to direct that the execution should be for a named amount it is useless and void. An appeal from such an order is not one from an order directing the payment of money, and section 942 of the Code of Civil Procedure does not authorize the giving of an undertaking on such appeal to stay the proceedings either on the original judgment or on the execution. If such an undertaking be given on such an appeal, the trial court, on the affirmance of the appeal, is without authority to enter an *ex parte* judgment against the sureties for the amount for which the order directed the execution to issue, and a judgment so entered is void.

ID.—ORDER REFUSING TO VACATE ORDER FOR EXECUTION—UNDERTAKING ON APPEAL—STAY OF PROCEEDINGS.—On an appeal from an order denying a motion of the judgment debtor to set aside the order granting leave for the execution to issue and to recall and quash such execution, upon giving the three-hundred-dollar undertaking the proceedings on the order appealed from are stayed, under section 949 of the Code of Civil Procedure, so far as there could be any proceedings upon such order, but the proceedings on the judgment and execution were not stayed and could not be stayed by that undertaking.

ID.—UNDERTAKING ON ORDER FOR SUPERSEDEAS.—An undertaking given by an appellant in pursuance of an order of the supreme court for a *supersedeas* can be enforced by action only and not by a summary judgment without process or notice, as specially provided in a case of an undertaking given under section 942 of the Code of Civil Procedure.

APPEALS from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellants.

Louis Luckel, and J. W. McKinley, for Respondent.

SHAW, J.—Appeals are here presented from a judgment
of the superior court, entered, *ex parte,* against Ralph Rogers,
defendant in a former judgment, and Mabel Bailey Rogers
and Hugh Glassell as sureties in an undertaking, given upon
a former appeal in the cause for the purpose of securing a
stay of proceedings. (See *Weldon* v. *Rogers,* 151 Cal. 432, [90
Pac. 1062], decided in this court June 22, 1907.)

On April 2, 1891, a judgment was entered in the superior
court for $3979.15, in favor of T. J. Weldon against Ralph
Rogers. This judgment remains unpaid. On April 10, 1905,
on motion of the present respondent, who was then and is now
acting as executrix of the estate of T. J. Weldon, deceased,
an order was made in that cause, the material part of which
is as follows, to wit: "It is now therefore ordered that execu-
tion issue and that the said judgment be enforced in favor of
Sophie B. Weldon, executrix of the last will and testament of
said T. J. Weldon, deceased, plaintiff herein, and against the
defendant Ralph Rogers, for the sum of $3979.15, with in-
terest from April 2d, 1891, at the rate of seven per cent per
annum, now amounting to $7,879.44." Ralph Rogers moved
the said court to set aside this order and recall and quash
said execution, and on May 22, 1905, the court made an order
denying said motion. From the latter order said Rogers ap-
pealed, giving the usual three-hundred-dollar undertaking on
appeal, under section 941 of the Code of Civil Procedure.
Upon this undertaking, he applied to this court for a *super-
sedeas* staying proceedings on the judgment and execution
aforesaid. On October 16, 1905, this court denied the said ap-
plication. Thereafter, on October 23, 1905, the undertaking
now in question, executed by Mabel Bailey Rogers and Hugh
Glassell, but not by Ralph Rogers, was filed in the superior
court. It is in double the amount of the aforesaid judgment,
declares that it is given to stay proceedings on the order for
the issuance of the execution and also on the order refusing
to vacate the said order and recall the execution, and as pre-
scribed by section 942 of the Code of Civil Procedure, it pro-
vides that if the order appealed from should be affirmed, and
said Ralph Rogers should fail, for thirty days, after the filing
of the *remittitur,* to pay the "amount directed to be paid" by
the "order appealed from," then judgment might be rendered
against said sureties "for such amount," in favor of the plain-

tiff. The order referred to as the order appealed from was affirmed on June 22, 1907. On September 3, 1907, the superior court on motion of respondent, without notice, and on the supposed authority of this undertaking and of the provisions of section 942 of the Code of Civil Procedure, entered judgment in favor of the plaintiff against Ralph Rogers, the defendant, and the two sureties aforesaid, for $9202.32, being the amount of said original judgment of $3979.15, and interest thereon to September 3, 1907. The present appeals are from this judgment, one appeal being by Ralph Rogers and the other a joint appeal by the two sureties.

The new judgment against the original defendant, Ralph Rogers, cannot be sustained on any theory. He did not sign the undertaking, no new proceeding or action had been instituted against him, and no summons, notice, or other process had been served upon him. The new judgment, as against him, was given without jurisdiction and is not only erroneous, but wholly void.

The judgment against the two sureties is also without support. Section 942 of the Code of Civil Procedure provides for an undertaking of the form here used and for an *ex parte* judgment thereon against the sureties, only upon appeals "from a judgment or order directing the payment of money." The order appealed from on the previous appeal did not direct the payment of any money. It was purely negative in effect, merely denying the motion to vacate the former order and quash the execution. This former order, even if it can be considered as a part of the latter order so as to make the appeal include both, cannot properly be considered as an order directing the payment of money. So far as it purported to direct the payment of money it was without authority. The superior court, when applied to, *ex parte,* for leave to have execution issued, as provided in section 685 of the Code of Civil Procedure, had no power to direct the payment of money, but only to give leave that the former judgment be "carried into execution." The amount to be specified in such execution was to be determined, in the present case, solely by the terms of the judgment upon which it was to be founded, and such amount could not be enlarged or diminished by anything said by the court in an order made under section 685, given *ex parte,* and without the consent of the judgment defendant

or notice to him. In so far as it purported to direct that the execution should be for a named amount it was useless and void. For these reasons the former appeal cannot be considered as an appeal from an order directing the payment of money, and section 942 gave no authority for an undertaking thereon to stay the proceedings on the judgment or on the execution. It cannot be considered as a statutory undertaking upon which a judgment could be given as prescribed in that section. The judgment rendered in pursuance thereof was without authority and void. (*Powers* v. *Chabot,* 93 Cal. 269, [28 Pac. 1070]; *McCalliou* v. *Hibernia etc. Soc.,* 98 Cal. 444, [33 Pac. 329]; *Central etc. Co.* v. *Center,* 107 Cal. 193, [40 Pac. 334]; *Reay* v. *Butler,* 118 Cal. 113, [50 Pac. 375].)

The case is practically the same as *Carit* v. *Williams,* 67 Cal. 580, [8 Pac. 93]. There a motion to recall an execution on a money judgment was denied, and an appeal was taken from the order denying the motion, the undertaking on appeal for three hundred dollars was waived, as the law provides it may be; and this court was asked to stay the proceedings on the execution. The application was denied, the court saying: "The waiver of the undertaking is sufficient to stay any execution of the order appealed from, were any stay necessary. But it is manifestly insufficient to stay execution on the judgment referred to even if any such stay could be granted on an appeal from an order made after the judgment. This court has no authority under the statute for ordering any such stay. The stay of execution on a judgment for the payment of money is only allowed on an appeal from the judgment, and giving the undertaking in double the amount, etc., as required by the statute. (Code Civ. Proc., sec. 942.) Section 949 of the Code of Civil Procedure, only refers to a stay of execution of the order or judgment appealed from, in cases not provided for in sections 942, 943, 944 and 945. In this case there is no appeal from a judgment; the appeal is from an order made after the final judgment, denying Charles' motion for an order, for which no stay is requisite." *Reay* v. *Butler,* 118 Cal. 113, [50 Pac. 375]; and *Credits Com. Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009], are of similar effect, though not precisely the same in point of fact.

It is apparent that, under section 949 of the Code of Civil Procedure, upon the giving of the three-hundred-dollar under-

taking on the previous appeal, the proceedings on the order therein appealed from were stayed, so far as there could be any proceedings upon such an order, but the proceedings on the judgment and execution were not stayed, and could not be stayed by that undertaking. It is intimated in *Carit* v. *Williams* that this court, by virtue of its inherent power to make an appeal effectual, could order a *supersedeas* after requiring a sufficient bond from the appellant as security therefor. We express no doubt of this proposition, although, as it is not before us, we do not affirm it. The present undertaking was not given in pursuance of any such proceeding for a *supersedeas* from this court, and if it had been so given it could be enforced by action only and not by a summary judgment without process or notice as specially provided in a case of an undertaking given under section 942 of the Code of Civil Procedure.

The cases of *Fulton* v. *Hanna*, 40 Cal. 278; *Owen* v. *Pomona etc. Co.*, 124 Cal. 332, [57 Pac. 71]; *Holland* v. *McDade*, 125 Cal. 353, [58 Pac. 9], and *Baldwin* v. *Superior Court*, 125 Cal. 584, [58 Pac. 185], declare that on an appeal from an order denying a motion for a new trial, after a money judgment, an undertaking in double the amount of the judgment may be given under section 942 and that execution on the judgment will be stayed thereby pending such appeal. This is the sole exception to the rule and it rests on the reasons which are pointed out in *Holland* v. *McDade, supra,* and *Credits Com. Co.* v. *Superior Court, supra.* These reasons are not applicable to an order such as that here involved and this distinction is pointed out in the two decisions mentioned. There is no ground upon which the judgment can be upheld either against the original defendant or the sureties in the undertaking.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying hearing in Bank.