[S. F. No. 5704. In Bank.—October 4, 1910.]

# W. J. ROGERS, Petitioner, v. SUPERIOR COURT OF SANTA CRUZ COUNTY, Respondent.

APPEAL—ORDER FOR SALE OF PERISHABLE PROPERTY.—An order, made after final judgment, under section 949 of the Code of Civil Procedure, authorizing the sale of perishable property, notwithstanding a stay of proceedings by virtue of an appeal, is appealable.

ID.—APPEAL FROM ORDER OF SALE—STAY OF PROCEEDINGS PENDING APPEAL.—Notwithstanding the statute does not provide for any stay of proceedings upon an appeal from an order for the sale of perishable property made under section 949, and in ordinary cases no stay should be granted, still when it appears that the lower court has ordered a sale of property as perishable which clearly, and as a matter of law, is not of that nature, or if, as a matter of fact, it is extremely doubtful if it is perishable within the meaning of that section, the supreme court, by virtue of its inherent powers as a court of appeal, has power to order a stay pending such appeal, upon such terms and such security as, in its discretion, it may deem proper.

ID.—SALE OF ELECTRIC RAILROAD AND FRANCHISES.—In the present case, a stay was ordered pending appeal, when the property ordered to be sold as perishable consisted of real estate, an electric railroad with the machinery and rolling stock for its operation, and certain franchises to build and operate it, there not appearing to be any danger of immediate destruction or material deterioration.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, for Petitioner.

Netherton & Torchiana, and Samuel Rosenheim, for Respondent.

THE COURT.—The petitioner asks this court to prohibit the execution of an order of the superior court directing a sale of certain property as perishable property, under the supposed authority of section 949 of the Code of Civil Procedure, authorizing the sale of perishable property, notwithstanding a stay of proceedings by virtue of an appeal. It may be that the question whether or not the property so ordered sold in any case is perishable, is so far a question of fact within the jurisdiction of the superior court to determine, that we would feel constrained to hold that lack of jurisdiction could not be shown and that prohibition would not lie. We do not deem it necessary to consider this question. The parties to the suit in which the appeal is taken, and who are interested in the property in question, have all appeared in this proceeding and there has been a sufficient hearing to enable this court to perceive the facts material to the case. We think the best course is to treat the application as for a *supersedeas,* and that so treated, the applicant is entitled to an order from this court staying the proceedings under the order appealed from. The order, being made after final judgment, is appealable. (Code Civ. Proc., sec. 963.) The statute does not provide for any stay of proceedings upon an appeal from an order for the sale of perishable property made under section 949. Yet, if there could be no stay in such a case under any circumstances, the appeal would sometimes prove wholly useless and ineffective as a remedy. In ordinary cases, doubtless there should be no stay of such an order. But if it appears that the court below has ordered a sale of property as perishable which clearly, and as a matter of law, is not of that nature, or if, as a matter of fact, it is extremely doubtful if it is perishable within the meaning of section 949, we have no doubt this court, by virtue of its inherent powers as a court of appeal, has power to order a stay of proceedings pending such appeal, upon such terms and such security as, in its discretion, it may deem proper.

In the present case the property ordered sold consists of real property, and electric railroad with the machinery, and

rolling stock for its operation, and certain franchises to build and operate it. There does not appear to be any danger of immediate destruction or material deterioration. We would perhaps be warranted in holding that the bond of three hundred dollars given upon the appeal would be ample security for any damage that may be caused thereby if it should prove unsuccessful. But to make the matter certain, we will direct that a writ of *supersedeas*, staying proceedings upon the order appealed from, shall issue upon the giving of an undertaking, approved by the clerk of this court, in the sum of one thousand dollars, for the payment of all damages that the respondents, or either of them, may suffer because of the appeal and the delay occasioned by such stay of proceedings.

It is so ordered.