[S. F. No. 7210.    In Bank.—April 1, 1915.]

## WILLIAM V. BRYAN, Petitioner, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

APPEAL FROM ORDER MADE AFTER JUDGMENT—STAY OF JUDGMENT.— Except in the case of an appeal from an order refusing a new trial, the judgment is not stayed by an appeal from an order made after judgment and by the filing of a bond.

ID.—SUPERSEDEAS—UNAUTHORIZED APPEARANCE OF ATTORNEY AT TRIAL —INSUFFICIENT SHOWING FOR STAY.—Admitting that the supreme court has inherent power, under proper circumstances, to stay by *supersedeas* the enforcement of a judgment against a defendant pending his appeal from an order refusing to set the judgment aside, it will refuse to do so, when the application for the stay is based solely on the fact that the attorney who appeared for him on the trial was not authorized so to do and that the trial of the action and the entry of judgment were had without his knowledge, if there is no denial made that he was duly served with summons or showing that would excuse his failure to appear at the trial.

APPLICATION for a Writ of Supersedeas directed to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Walter H. Linforth, for Petitioner.

P. L. Benjamin, for Respondents.

MELVIN, J.—William V. Bryan has petitioned for *supersedeas* to stay execution on the judgment against him in Levey et al. v. Hockwald et al., pending his appeal from an order denying his motion to set aside the said judgment.

In his petition he alleges that he was one of the defendants in that certain action mentioned above, which was commenced in July, 1906, for the purpose of having a certain indenture of lease to property in San Francisco declared forfeited, and for the purpose also of obtaining possession of said premises, and of securing judgment for rent and for damages. He avers that in May, 1913, judgment in said action was entered against him for three thousand five hundred dollars; that without his knowledge, permission, or consent, an attorney at law, Edwin L. Forster by name, had assumed to represent him in said litigation; and that petitioner had no notice of the setting of the cause for trial, or the trial thereof or the entry of judgment therein until June, 1913. The petition recites his application within six months after entry of judgment to have said judgment set aside; the denial of his motion; and his appeal from the order refusing to grant the relief sought. That appeal is still pending (S. F. No. 7228), and although appellant in that case (petitioner here) has filed that which is in form a stay-bond, he seeks to have the judgment stayed by the court on the ground that the said bond will not operate on the judgment itself and that the issuance of execution, which is threatened, will deprive him of the fruits of victory if he shall be successful in his appeal from the order refusing to set aside the judgment.

This court, upon reading the petition, issued an order to show cause and stayed proceedings upon the judgment until the hearing and determination of said order.

It seems to be agreed by petitioner and respondents that the judgment is not stayed by the appeal from the order refusing to set aside the judgment. Indeed this court has declared that, except on an appeal from an order refusing a new trial, the judgment is not stayed by an appeal from an order made after judgment and by the filing of a bond. (*Carit* v. *Williams,* 67 Cal. 580, [8 Pac. 93]; *Credits Commutation Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009]; *Weldon* v. *Rogers,* 154 Cal. 634, [98 Pac. 1070].) In the case last cited the court reviews the authorities holding that a bond on appeal from an order denying a motion for a new trial does operate to stay the enforcement of the judgment and it is there held that "this is the sole exception to the rule."

Petitioner therefore bases his request for a writ of *supersedeas* upon the alleged inherent power of this court to make his appeal effectual by *supersedeas,* after requiring a sufficient bond.   In *Carit* v. *Williams,* 67 Cal. 580, [8 Pac. 93], it was intimated that the court had such power, and in *Weldon* v. *Rogers,* 154 Cal. 634, [98 Pac. 1070], the court expressed no doubt regarding the proposition, but found that an authoritative decision upon the subject was not called for. In the later case of *Rogers* v. *Superior Court,* 158 Cal. 468, [111 Pac. 357], this court issued a writ of *supersedeas* staying proceedings on an order evidently improperly made, directing the sale of alleged perishable property, pending an appeal from said order.   It was there held that such a writ may issue under proper circumstances, and that the court has inherent power in the premises.

But we do not think this a proper occasion for the exercise of the discretion of this court in petitioner's behalf, even granting that upon proper showing we would issue the writ. While he alleges that the attorney who appeared for him was not authorized so to do and that the trial of the action and the entry of judgment were had without his knowledge, Mr. Bryan does not deny that he was duly served with summons nor assert that he made any arrangement for representation by other counsel.   In order that he might show to this court that he suffered under peculiar hardship, it would be necessary for him, at the very least, to allege some facts which would excuse his failure to appear at all in the case.   If in fact he was served with summons and made no appearance, the plaintiffs would have been entitled to a judgment by default and he could not complain of the result obtained after he had been represented by an attorney who acted without authorization.   (*Pacific Paving Co.* v. *Vizelich,* 141 Cal. 8, [74 Pac. 352] ; *Fitzgerald* v. *Fernandez,* 71 Cal. 509, [12 Pac. 562] ; *Hunter* v. *Bryant,* 98 Cal. 251, [33 Pac. 55].)

The petition of William V. Bryan for a writ of *supersedeas,* therefore, is denied and the order to show cause is dismissed.

Henshaw, J., Lorigan, J., Sloss, J., Shaw, J., and Angellotti, C. J., concurred.