[Civ. No. 5222. First Appellate District, Division One.—October 1, 1925.]

SIDNEY SPITZER, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF ALAMEDA et al., Respondents.

[1] JUDGMENTS—RES JUDICATA—PLEADING—WAIVER.—A former adjudication as a defense is generally regarded as an affirmative one, which must be presented, whether by pleading or evidence, by the one relying upon it; and the benefit of a prior adjudication constituting a bar may be waived by failing to plead or present it in the subsequent action.

[2] ID.—BAR OF JUDGMENT—TIME—PLEADING.—Where it appears that there was no opportunity to plead a judgment urged as a bar, owing to the fact that it did not become final until after the entry of an interlocutory decree in a subsequent action, it may be presented before the entry of a final decree therein.

[3] ID.—JURISDICTION.—A former adjudication is not a plea to the jurisdiction; but where it is pleaded to the whole cause of action it is a plea in bar; or if to a particular fact or issue a plea in estoppel; but cannot be given the effect of depriving the court of jurisdiction.

[4] ID.—FULL FAITH AND CREDIT CLAUSE OF CONSTITUTION—JURISDICTION.—The provisions of article IV, section 1, of the constitution of the United States that "Full faith and credit shall be given in each state to the . . . judicial proceedings of every other state" established a rule requiring the enforcement of such judg-

---

1. See 15 Cal. Jur. 214; 15 R. C. L. 1045.
2. See 15 Cal. Jur. 208; 15 R. C. L. 1045.
4. See 15 Cal. Jur. 241.

ments without an investigation of the merits of fact, and not a rule affecting the jurisdiction of the court in which the judgment is offered in evidence; and such judgments though *in rem* are not executory in another state.

[5] ID.—JUDGMENT URGED AS BAR—DETERMINATION BY TRIAL COURT— JURISDICTION.—The fact of a judgment urged as a bar, the identity of the parties, jurisdiction to render it, and the legal effect to be given it, are matters for determination in the first instance by the trial court, are questions on which the party against whom the judgment is urged has the right to be heard, and such determination, though erroneous, and hence not an act in the proper exercise of its jurisdiction, would nevertheless be an act in the exercise of its jurisdiction over the parties and the cause.

[6] ID.—FINALITY OF DIVORCE DECREE OF ANOTHER COURT—EFFECT UPON PENDING ACTION.—The court in which an action is pending, wherein it has jurisdiction of the parties and the cause, is not deprived of jurisdiction to hear and determine the cause by the fact that a decree of another court adjudging the dissolution of the marriage has become final during the pending of such action.

[7] ID.—DEFAULT — INTERLOCUTORY DECREE—APPEAL—JURISDICTION.— The court in which there is pending an appeal from an order denying a defaulting party's application to vacate an interlocutory decree of divorce and for permission to answer, has inherent power to prevent in a proper case any action by the trial court which would render the appeal ineffectual.

[8] ID.—EXISTENCE OF DECREE OF DIVORCE OF ANOTHER COURT—ENTRY BY LOCAL COURT OF FINAL DECREE—PROHIBITION—APPEAL.—Where appeal furnishes an adequate remedy prohibition will not lie to prevent error; and a writ of prohibition will not be granted to prevent the entry of a final decree of divorce merely because another court has rendered a decree dissolving the marriage, where, should the trial court erroneously determine the fact and the legal effect of the alleged adjudication in the other court, and enter a final decree in the action, an appeal would lie from that judgment, which would afford the petitioner for the writ under all the circumstances shown by the petition a plain, speedy and adequate remedy.

---

(1) 34 C. J., p. 1055, n. 64, p. 1057, n. 72.   (2) 34 C. J., p. 1057, n. 76.   (3) 34 C. J., p. 1058, n. 79, 80.   (4) 34 C. J., p. 1132, n. 4, p. 1137, n. 39, p. 1163, n. 90, p. 1164, n. 93.   (5) 19 C. J., p. 363, n. 66 New; 34 C. J., p. 1079, n. 90, p. 1080, n. 93.   (6) 19 C. J., p. 363, n. 66 New.   (7) 3 C. J., p. 1258, n. 47.   (8) 32 Cyc., p. 614, n. 2, p. 617, n. 18.

6.  See 9 Cal. Jur. 702.

8.  See 21 Cal. Jur. 586; 22 R. C. L. 9.

PROCEEDING in Prohibition to prevent the Superior Court of Alameda County from entering a final decree of divorce. T. W. Harris, Judge. Writ denied.

The facts are stated in the opinion of the court.

Grant H. Smith and Courtney L. Moore for Petitioner.

Annette Abbott Adams for Respondents.

CASHIN, J.—An original application for a writ of prohibition to prevent the entry by the Superior Court in and for the County of Alameda of a final decree of divorce in an action pending therein entitled "*Hazel M. Spitzer, Plaintiff*, v. *Sidney Spitzer, Defendant.*"

The defendant, who is the petitioner herein, and plaintiff intermarried in the territory of Hawaii during the year 1917 and lived together therein until the month of June, 1920, when a separation occurred, petitioner remaining in that territory, while his wife with the minor child of the marriage came to California and has since resided in the county of Alameda. It is alleged in the petition—and there have been filed herein exemplified copies of the proceedings —that petitioner on March 2, 1922, commenced in the circuit court of that territory an action for divorce, alleging desertion by his wife, who appeared therein and contested the action; that on December 5, 1923, judgment was therein entered granting a divorce to petitioner, awarding the custody of the child to its mother, and providing for the payment by petitioner of certain sums for the support of the child, and which judgment—an appeal (which was thereafter dismissed) having been taken therefrom by petitioner—became final on July 29, 1924.

In the meantime, on September 6, 1923, Hazel M. Spitzer filed in respondent Superior Court an action for divorce against petitioner on the ground of cruelty, wherein service of summons was had pursuant to sections 412 and 413 of the Code of Civil Procedure. Petitioner—who at all times mentioned herein has been a resident of Hawaii, failed to appear therein except in the manner hereinafter stated, or to answer the complaint, whereupon his default was entered and an interlocutory decree of divorce granted to plaintiff

therein on March 11, 1924, from which decree no appeal was taken.

On December 11, 1923, petitioner, assuming that respondent Court was without jurisdiction, appeared therein for the special purpose of moving a dismissal of the action on that ground, in that there was then pending the action mentioned in the Hawaiian court. The moving papers having been stricken out on motion by plaintiff, petitioner moved no further therein until after the entry of the interlocutory decree mentioned, when, on October 14, 1924, he filed therein his motion for relief under the provisions of section 473 of the Code of Civil Procedure, and for an order of respondent Court vacating the interlocutory decree and permitting petitioner to answer the complaint, filing therewith his verified answer thereto, wherein was pleaded the decree of the circuit court mentioned as a bar to the action. This motion was by respondent Court denied, and from the order an appeal, which is now pending and undetermined, was taken by petitioner to the supreme court of the state of California.

It is further alleged that thereafter on February 26, 1925, petitioner, anticipating an application by plaintiff for a final decree, filed therein certain affidavits, alleging the entry and effect of the Hawaiian decree, with exemplified copies of the judgment and proceedings in that action, and with a notice directed to respondent Court and Hazel M. Spitzer that petitioner would and did oppose the entry of such final decree. An order was thereupon made by respondent Court fixing a day for the hearing of petitioner's objections, and directing that notice of such hearing be served upon plaintiff therein or her attorney. It does not appear that plaintiff or her attorney was present at such hearing, or that any motion or application had or has been made by her for such final decree; but it is admitted that upon such hearing documentary evidence was introduced, which we assume included copies of the proceedings in the Hawaiian court, and that the court signified its intention to grant a final decree in the action should application therefor be made.

It is not contended here that the complaint in the action last mentioned did not state facts sufficient to constitute a cause of action for divorce against petitioner, or that respondent Court failed to obtain jurisdiction to hear and

determine the cause; but it is urged that the circuit court of the territory of Hawaii has by its decree adjudged the dissolution of the marriage of the parties, that respondent was thereby deprived of jurisdiction to proceed further in the action before it, and that the fact of such judgment appearing to this court, respondent should be prohibited from entering a final decree therein.

[1] A former adjudication as a defense is generally regarded as an affirmative one, which must be presented, whether by pleading or evidence, by the one relying upon it (*McLean* v. *Baldwin,* 136 Cal. 565 [69 Pac. 259]; *Brown* v. *Campbell,* 110 Cal. 644 [43 Pac. 12]; *Estate of McNeil,* 155 Cal. 333 [100 Pac. 1086]); and the benefit of a prior adjudication constituting a bar may be waived by failing to plead or present it in the subsequent action (15 Cal. Jur., Judgments, sec. 233; Freeman on Judgments, sec. 808, 5th ed.). [2] Where it appears, however, that there was no opportunity to plead a judgment urged as a bar, owing to the fact that it did not become final until after the entry of an interlocutory decree in a subsequent action, it may be presented before the entry of a final decree therein (*Penfield* v. *Potts & Co.,* 126 Fed. 475 [61 C. C. A. 371]; *Bradley etc. Co.* v. *Eagle Mfg. Co.,* 57 Fed. 980, 985 [6 C. C. A. 661]; Freeman on Judgments, sec. 798, 5th ed.). [3] It is not a plea to the jurisdiction; but where it is pleaded to the whole cause of action it is a plea in bar; or if to a particular fact or issue a plea in estoppel; but cannot be given the effect of depriving the court of jurisdiction (*Fields* v. *Walker,* 23 Ala. 155; *Granger* v. *Superior Court,* 159 Cal. 2 [112 Pac. 854]).

[4] The provisions of article IV, section 1, of the constitution of the United States that "Full faith and credit shall be given in each state to the . . . judicial proceedings of every other state" established a rule requiring the enforcement of such judgments without an investigation of the merits of fact, and not a rule affecting the jurisdiction of the court in which the judgment is offered in evidence (*Anthony* v. *Tarpley,* 45 Cal. App. 72 [187 Pac. 779]; *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 291 [32 L. Ed. 239, 8 Sup. Ct. Rep. 1370, see, also, Roses' U. S. Notes]); and such judgments though in rem are not executory in another state (*Andrews* v. *Andrews,* 188 U. S. 14 [47 L. Ed. 366,

23 Sup. Ct. Rep. 237] ; *Thompson* v. *Whiteman,* 18 Wall. 457
[21 L. Ed. 897] ; *Rose* v. *Himely,* 4 Cranch, 241 [2 L. Ed.
608]). [5] The fact of a judgment urged as a bar, the
identity of the parties, jurisdiction to render it, and the legal
effect to be given it, are matters for determination in the
first instance by the trial court, are questions on which the
party against whom the judgment is urged has the right
to be heard, and such determination, though erroneous, and
hence not an act in the proper exercise of its jurisdiction,
would nevertheless be an act in the exercise of its jurisdic-
tion over the parties and the cause. [6] While in the case
of *Gloyd* v. *Superior Court,* 44 Cal. App. 39 [185 Pac. 995],
it was held that the death of one of the parties to an action
for divorce (in that case an admitted fact) after the entry
of an interlocutory decree which adjudges only that a
divorce should be granted, deprives the court of jurisdiction
to enter a final decree, and that prohibition will lie unless
it appears that an appeal will afford a plain, speedy and
adequate remedy, it is also the rule that the court in which
an action is pending, wherein it has jurisdiction of the par-
ties and the cause, is not deprived of jurisdiction to hear
and determine the cause by the fact that a decree of an-
other court adjudging the dissolution of the marriage has
become final during the pendency of such action (*Granger*
v. *Superior Court, supra; Davis* v. *Davis,* 70 Colo. 37 [197
Pac. 241]). In the instant case it is not alleged or con-
tended that the interlocutory decree does more than to ad-
judge the right of the plaintiff in the action to a decree
dissolving the marriage; or that the entry of a final decree
therein, assuming the Hawaiian decree to be valid and to
have the legal effect contended by petitioner, would effect
a change in the status of the parties.

[7] The court in which is pending the appeal men-
tioned has inherent power to prevent in a proper case any
action by the lower court which would render the appeal
ineffectual (*Carit* v. *Williams,* 67 Cal. 580 [8 Pac. 93] ;
*Weldon* v. *Rogers,* 154 Cal. 632 [98 Pac. 1070] ; *Rogers* v.
*Superior Court,* 158 Cal. 467 [111 Pac. 357] ; *Bryan* v. *Su-
perior Court,* 169 Cal. 761, 763 [147 Pac. 938]).

[8] Where appeal furnishes an adequate remedy pro-
hibition will not lie to prevent error (*Van Hoosear* v. *Rail-
road Commission,* 189 Cal. 228 [207 Pac. 903] ; High on

Extraordinary Remedies, sec. 772; *McGregor* v. *Board of Trustees,* 159 Cal. 441, 447 [114 Pac. 566]; *Kinard* v. *Police Court,* 2 Cal. App. 179 [83 Pac. 175]), and should respondent erroneously determine the fact and the legal effect of the alleged adjudication in the Hawaiian court, and enter a final decree in the action, from that judgment an appeal would lie, which would afford petitioner under all the circumstances shown by the petition a plain, speedy and adequate remedy (*Reynolds* v. *Reynolds,* 191 Cal. 435 [216 Pac. 619]; *Gloyd* v. *Superior Court, supra;* 9 Cal. Jur., Divorce and Separation, p. 776; sec. 963, subd. 1, Code Civ. Proc.).

It is our conclusion that the proceedings of respondent Court are within the exercise of its jurisdiction over the parties and the cause, and that for any error therein petitioner has and will have so far as shown a plain, speedy and adequate remedy by appeal. The petition for a writ of prohibition is denied.

Tyler, P. J., and Knight, J., concurred.

A petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 30, 1925.