[Civ. No. 13483. Second Dist., Div. Two. Mar. 17, 1942.]

CROWN BODY CORPORATION, LTD. (a Corporation), Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

500

Ray L. Chesebro, City Attorney, and Robert W. Anderson, Deputy City Attorney, for Appellants.

Dudley R. Furse and Walter L. Bruington for Respondent.

MOORE, P. J.—This is an original proceeding to effect the suspension of the enforcement of all proceedings under a judgment for mandatory injunction pending appeal from an order refusing to modify the injunction granted some five months prior to such order.

On August 5, 1931, plaintiff instituted its action against defendants for an injunction to enjoin them from operating an asphalt plant within the limits of defendant city on the ground that the operation of such plant constituted a nuisance. Defendants duly filed their answer. Following certain proceedings and in accordance with a stipulation of the parties filed in the action, almost ten years later, to-wit on July 30, 1941, the superior court made and filed an injunction enjoining defendants from operating in any manner or degree whatsoever, in whole or in part, the asphalt plant described in plaintiff's complaint after the first day of No-

vember, 1941, and ordering them to commence the dismantling of said plant within fifteen days thereafter. The injunction further provided that at any time after said plant had been dismantled, defendant might construct a new plant on the same property and required that they comply with certain specified requirements. On October 22, 1941, the injunction was modified by extending its effective date to January 1, 1942. Pursuant to such injunction, the operation of the plant was actually suspended January 1, 1942, and has not been operated since that day.

On January 12, 1942, defendants presented their motion to the superior court for a modification of the injunction as amended October 22, 1941, by extending the effective date of the mandatory provision for the dismantling of the plant to "fifteen days after the termination of the present national emergency or within fifteen days after it should become possible to procure materials necessary for the building of a new asphalt plant." This appeal is from the order denying such motion.

Defendant's petition recites that the dismantling of the plant was begun January 16, 1942, and has proceeded continuously and diligently to the date of this petition.

The bases of the last motion filed for a modification of the injunction, as contained in the supporting affidavits, are as follows:

(1) Necessity for the preservation of the asphalt plant to the end that it might be utilized for the repair of streets in the event of dire necessity incident to damage caused by an act of the enemy of the United States or by increased use of the city streets due to military traffic; (2) that it does not appear from the records that the mere maintenance of the plant, as distinguished from its operation, constitutes a nuisance; (3) that the action was brought to enjoin the operation of the plant and did not seek its immediate destruction; (4) that the injunction of July 30, 1941, contemplates the erection of a new plant on the site of the old and does not contemplate the dismantling of the old without the erection of the new; (4) that by reason of the present shortage of steel and other materials for civilian purposes, it is impossible to procure materials necessary for the construction of the new plant; (5) that without the facilities of the old plant, it might become impossible properly to repair the streets of the city if damaged by acts of war; (6) that the modifi-

cation of the decree sought by the motion of January 12th does not contemplate the operation of the plant but merely its preservation so that it might be used in the event of dire necessity in the interest of national defense if the superior court will allow its operation; (7) that the defendants intend to and will, in the event of such contingency, apply to the superior court for an order allowing the operation of the plant temporarily under such conditions as the court might impose; (8) that the denial of defendants' motion makes necessary a great waste of material and "potential productive capacity" and that said ruling is arbitrary and unreasonable and constitutes an abuse of discretion; (9) that in the event of the failure of defendants to comply with the mandatory provision of the injunction, plaintiff will apply to the superior court for an order citing defendants in contempt for disobedience of the injunction.

We must, therefore, determine whether or not under the facts recited this court should stay proceedings pending appeal from the order of January 12, 1942, refusing to modify the consent decree of July 30, 1941.

Under the facts recited, in the light of the authorities we cannot do so. The order appealed from was entered six months subsequent to the entry of the stipulated judgment for an injunction ordering the dismantling of the plant. This court has no authority to grant a supersedeas under such circumstances. Such power is limited to restraining action upon the judgment or order from which the appeal is taken. The judgment for injunction is not stayed by an appeal from an order made after the judgment even by filing a bond for stay. *Carit* v. *Williams,* 67 Cal. 580 [8 Pac. 93]; *McCann* v. *Union Bank & Trust Co.,* 4 Cal. (2d) 24 [47 Pac. (2d) 283]; *Olsen* v. *Board of Supervisors,* 30 Cal. App. (2d) 635, 638 [87 Pac. (2d) 36]; *Bryan* v. *Superior Court,* 169 Cal. 761, 762 [147 Pac. 938]. A bond on appeal from an order denying a motion for a new trial is the one exception to the rule which forbids the stay of proceedings on the judgment by appeal from an order made after judgment. *Weldon* v. *Rogers,* 154 Cal. 632, 634 [98 Pac. 1070].

It is true that the court has inherent power on appeal from an order made after judgment to preserve the status quo of the decree when it clearly appears that the order appealed from is demonstrably arbitrary. *Rogers* v. *Superior Court,* 158 Cal. 468 [111 Pac. 357]. No such inference can be drawn

from the record in this case. The judgment for injunction was stipulated after the action had lain dormant for ten years and its enforcement was once thereafter delayed for two months on defendant's request. Moreover the order appealed from is merely a denial of a further stay of execution.

Defendants contend that the order in question is not self-executing but that a further affirmative act is required to make it effective (citing *Feinberg* v. *One Doe Co.*, 14 Cal. (2d) 24 [92 Pac. (2d) 640].) But on the contrary the order in question is self-executing and no process is necessary for its enforcement. *Hulse* v. *Davis*, 200 Cal. 316 [253 Pac. 136]; *Dulin* v. *Pacific Wood & C. Co.*, 98 Cal. 304 [33 Pac. 123]. If no process is required to be issued for the enforcement of the order, no supersedeas is allowed. *Tyler* v. *Presley*, 72 Cal. 290, 292 [13 Pac. 856].

For the reasons given, it is ordered that the petition for a writ of supersedeas be and it is hereby denied and the order to show cause is hereby discharged.

Wood (W. J.), J., and McComb, J., concurred.