**ROSS v. ROSS.**
Civ. No. 688.

United States District Court
S. D. California, N. D.
June 25, 1948.

Rowell, Guerard & Virtue, of Fresno, Cal., for plaintiff.

Lawrence W. Young, of Fresno, Cal., for defendant.

McCORMICK, District Judge.

This is a suit to quiet title to real property situate in the County of Fresno, State of California.

The action is before this court on the admitted and established grounds of diverse citizenship of the parties and adequacy of the jurisdictional amount in controversy.

The pleadings drafted in the formal and skeletonized method appropriate under California practice and procedure in suits to quiet title to real property, 22 Cal.Jur. 28 et seq., disclose no factual detail upon which the respective claims of the suitors are based.

There have been no motions under Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., and the cause without objection went to trial on the merits under the issues framed entirely by the scanty but sufficient pleadings, under applicable law.

Each of the parties avers sole ownership of the property in suit to the exclusion of any interest therein by the other—plaintiff by his complaint, and defendant by her

cross-complaint. To such pleadings adequate answers have been filed.

Decree is sought by each party quieting title against the other and adjudging all adverse claims to the property in controversy to be without any right or validity whatsoever.

The trial established substantially the following situation:

The parties were married in Fresno, California, on August 11, 1939. There is one child of the marriage, born March 24, 1945, and now in the custody of the defendant. A few days after the marriage Mr. and Mrs. Ross acquired the property in suit as joint tenants and simultaneously they duly executed jointly a trust deed to secure the payment of the balance of the purchase price, to-wit, $5,000.00, to be paid in monthly installments. The plaintiff prior to the marriage had made the initial payment of $500.00 on the property. The balance paid came from community funds. They occupied the place as their home from some time in the fall of 1939 until plaintiff entered military service in June of 1943. He reported to Spokane, Washington, where Mrs. Ross joined him there in August, 1943, and where she remained with him until some time in September, 1944, when she returned to their home in Fresno. He remained in the armed services in the State of Washington but visited Mrs. Ross at Fresno before going overseas in January, 1945. He returned from military duty in 1946, and since September, 1946, plaintiff has lived and been engaged in business at Reno, Nevada. The defendant, Mrs. Ross, being at all times since her return from Spokane a resident and domiciliary of Fresno, California. It is clear that at all times to the final separation in 1946, the domiciliary residence of both parties was Fresno, California.

It appears that some time after September, 1944, and while the plaintiff was in the military service, Mr. and Mrs. Ross became estranged, with the ultimate result that on November 1, 1946, the plaintiff in this action brought suit for divorce against Mrs. Ross in Reno, Nevada. No property was involved or adjudicated in this Nevada action. However, Mrs. Ross was personally served with summons and complaint in the Nevada action at Fresno, California.

On November 9, 1946, and before the expiration of time for her to appear in the Nevada action, Mrs. Ross countered with a divorce action against the plaintiff in this action, filed by her at Fresno, California. In such action the property in issue before this Federal court was also brought in issue and adjudicated. Service in the California action was duly made by publication and mailing, and it is clear that the defendant Ross received a copy of the complaint and summons in the California case long prior to the expiration of time for him to appear under applicable laws of the State of California. He failed to make any appearance in the action, as did Mrs. Ross in the Nevada suit. Default was entered in each of the actions against the respective defendant therein. A default decree of divorce was entered in the Nevada action on December 5, 1946, and a default interlocutory decree of divorce wherein the property in suit was determined to be community property and awarded to Mrs. Ross was entered in the California action on February 26, 1947. No motion has been made in either action to set aside or otherwise affect the respective decrees, no appeal has been taken, and each of said decrees has become final.

Approximately two months after the marriage and under date of October 31, 1939, Mr. Ross procured from his wife a quitclaim deed to her interest in the home place in which they were then residing. This instrument remained under the control of the plaintiff and was not recorded until October 4, 1945. It pertains solely to the property in issue in this action.

■ There is a sharp dispute between the parties as to why the instrument was executed, as to its contents when it was signed by Mrs. Ross, and as to the consideration for it. We feel that while the evidence preponderates to show that the instrument as it now appears in the record (Plaintiff's Exhibit 5) was signed and acknowledged by Mrs. Ross, it is clear to us from the evidence that it never became effectual and that it was never regarded by either of the parties as a divestiture of the interest of Mrs. Ross in the property in

suit. See California Civil Code, Sections 158 and 2235; Estate of Cover, 188 Cal. 133, 204 P. 583; cf. Gaines v. California Trust Co., 48 Cal.App.2d 709, 121 P.2d 28. Even if the instrument of October 31, 1939 had been obtained as the result of marital discord and was part of a separation episode, the admitted reconciliation and proven resumption of normal marriage relations between the parties avoids the deed and renders it wholly inoperative. Wells v. Stout, 9 Cal. 479; Gump v. Gump, 42 Cal.App.2d 64, 108 P.2d 21; Brown v. Brown, 170 Cal. 1, 147 P. 1168.

■ The letters of the plaintiff himself to Mrs. Ross, their joint execution of leases of the property in suit with the furniture and appliances therein recurrently after October 31, 1939, more than sufficiently overcome the presumptive effect of the quitclaim, under Sections 1962 and 1963 of the Code of Civil Procedure of the State of California, and rebut the evidence offered by the plaintiff as to the transactions in which the quitclaim deed was obtained and, to our mind, show that plaintiff has failed to sustain his burden in the light of his fiduciary relationship under the laws of California, which are the rules of decision applicable in this action.

We conclude this phase of the action before us by holding that the plaintiff has failed to establish his right to a decree quieting title in him to the property in suit, and we pass to consider the issues presented by the cross-complaint of defendant and the answer thereto. These issues are not as simple as that just considered. Their complexity brings into view the utter lack of unanimity of judicial opinion that has existed even in the erudite forum of our highest court since Haddock v. Haddock in 1906 in considering the effectiveness of divorce under the full faith and credit clause of the Constitution of the United States, Article IV, Section 1. See Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094; Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221, and Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213.

The defendant and cross-complainant predicates her right to a judgment quieting her title in this action upon the interlocutory decree of the California court wherein the property in suit has been determined to be community property and as such awarded to her. The cross-defendant contends in opposition that the decree of the Nevada court having become final and such decree having ordered dissolution of the marital status in Nevada prior to the completion of the service by publication in the California action, there was consequently no legal incident of the marriage relationship "to work on" and the decree of the California court is therefore void and of no effect.

■■ We cannot agree with this contention. The California court, under the record before us, is clearly shown to have had jurisdiction of the action brought by Mrs. Ross in Fresno County, Sections 129 and 149, Civil Code of California; McGrew v. Mutual Life Ins. Co., 132 Cal. 85, 64 P. 103, 84 Am.St.Rep. 20, unless the Nevada action and decree had erected a barrier which disabled the California court from administering the relief manifested by the interlocutory decree in evidence. We have earlier directed attention to the fact that the plaintiff in the Nevada suit did not bring any property rights before the court for adjudication, and none were considered by such court. This situation is tantamount to waiver by Mr. Ross of any property in which his wife at that time may have had an interest, cf. Lemp v. Lemp, 62 Nev. 91, 141 P.2d 212, 148 A.L.R. 1104; Buaas v. Buaas, 62 Nev. 232, 147 P.2d 495, and it is not unlikely that such attitude may have dissuaded Mrs. Ross from appearing in the Nevada action.

■ It is well established that the pendency of an action for divorce in one State does not bar an action for divorce brought by the other spouse in another State. Nelson on Divorce and Annulment, Volume 3, page 429; Schouler Divorce Manual, page 213. This principle has received judicial approval in Spitzer v. Superior Court, 74

Cal.App. 494, 241 P. 270, 272, where the court stated: "It is also the rule that the court in which an action is pending, wherein it has jurisdiction of the parties and the cause, is not deprived of jurisdiction to hear and determine the cause by the fact that a decree of another court adjudging dissolution of the marriage has become final during the pendency of such action."

The cross-defendant seeks to remove the applicability here of the pronouncement in Spitzer v. Superior Court, supra, on the ground that the proceeding in which it applied was an application for a writ of prohibition and that inasmuch as the petitioning suitor would have a plain, speedy and adequate remedy by appeal if unsuccessful in the trial of the divorce case the arm of the trial court should not be stayed by such extraordinary proceeding. But the pertinency of Spitzer v. Superior Court, supra, under the record before us is also clear in that Mr. Ross failed either by pleading or evidence to present in the California court what he urges here in bar to the interlocutory decree which awarded the property in suit to Mrs. Ross as community property. This attitude constituted a waiver which precludes him from using the Nevada decree to vitiate the California judgment relative to the property in suit.

The California judgment has become final and its efficacy cannot now be impeached collaterally to the prejudice of property rights of cross-complainant. Those rights were litigated and determined in the court of a State wherein she was at all times domiciled and to which she had a legal right to resort. Her property rights had never been considered or determined in the Nevada court, and for this court to now attempt a review of the decision of the Superior Court of the County of Fresno, State of California, would do violence to the doctrine of res judicata. This we should not do. See Estin v. Estin; Kreiger v. Kreiger; Sherrer v. Sherrer, and Coe v. Coe, supra, Petry v. Petry, 47 Cal.App. 2d 594, 118 P.2d 498; Greenfield v. Mather, 32 Cal.2d —, 194 P.2d 1.

Findings of fact, conclusions of law and judgment ordered for defendant and cross-complainant and against plaintiff and cross-defendant, as prayed for in the answer and cross-complaint, without costs to either party to the action.

Attorney for defendant and cross-complainant will prepare same and present same under the rules and in accordance with the views expressed herein within ten days from notice of this ruling.