[Civ. No. 17855. Second Dist., Div. Three. Apr. 2, 1951.]

MABLE L. ROBSON, Appellant, v. DONALD A. ROBSON, Respondent.

N. E. Youngblood and William R. Grant for Respondent.

SHINN, P. J.—Donald A. Robson was granted an interlocutory decree of divorce on his cross-complaint. The decree provided that he pay to plaintiff's attorneys $950 as additional attorneys' fees. As the time approached for entry of a final decree one of plaintiff's attorneys filed an affidavit alleging that $397.94 of the attorneys' fees remained unpaid. The court made an order that no final decree be entered except upon motion and due notice to the parties. Cross-complainant gave notice and moved the court for entry of a final decree in support of which he filed an affidavit alleging that

he was and had been financially unable to pay all or any part of the balance of attorneys' fees. The motion was opposed by plaintiff on the ground that cross-complainant was wilfully in default in the payment of attorneys' fees, but no affidavit was filed or evidence introduced in opposition to the averment in the affidavit of Robson of his inability to pay. After a hearing the court granted the motion and a final decree of divorce was entered. Plaintiff thereupon gave notice of appeal ". . . from the order of court granting defendant and cross complainant his motion to enter final decree in the above entitled action. . . ." No other proceedings were had after the judgment was entered. No appeal was taken from the judgment.

All claims of error in the proceedings which culminated in the order granting respondent's motion would have been reviewable on an appeal from the judgment. The order, itself, is not appealable. (*Little* v. *Mountain View Dairies, Inc.*, 35 Cal.2d 232, 234 [217 P.2d 416]; *Estate of Alegria*, 87 Cal.App.2d 645, 659 [197 P.2d 571]; *Ryan* v. *Welte*, 87 Cal.App.2d 897, 905 [198 P.2d 357]; *Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322]; *Estate of Phillips*, 202 Cal. 490, 499 [261 P. 709]; *Spitzer* v. *Superior Court*, 74 Cal.App. 494, 500 [241 P. 270]; *Mather* v. *Mather*, 22 Cal.2d 713, 720 [140 P.2d 808]; *Nicolai* v. *Nicolai*, 96 Cal.App.2d 951, 954 [216 P.2d 913].)

The appeal is dismissed.

Wood (Parker), J., concurred.

Vallée, J., being disqualified, did not participate.